SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

VERONICA BROWN,

                                                    Plaintiff,

                        -against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                                                    Defendants

-------------------------------------------------------------------X

Index No.: ⟨handwritten⟩ 502748 2014
                   2/31/14

**SUMMONS**

Plaintiff designates
Kings County as
place of trial

The basis of venue is:
Plaintiff's residence.

Plaintiff resides at:
463 East 56th Street
Brooklyn, NY 11203

To the above-named Defendant:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your Answer, or,
if the complaint is not served with this summons, to serve a Notice of Appearance, on the Plaintiff's Attorneys within
twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the
service is complete if this summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        March 25, 2014

                                    SALZMAN & WINER, LLP.
                                    Attorneys for Plaintiff
                                    305 Broadway, Suite 1204
                                    New York, New York 10007
                                    Tel.: (212) 233-6550

                                    By: _____
                                        Mitchell G. Shapiro, Esq.

Defendant's Address:

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO
858 Zenway Blvd.
Frigate Bay, St. Kitts, BWI

MARRIOTT INTERNATIONAL, INC.
c/o CORPORATE CREATIONS NETWORKS, INC.
15 North Mill Street
Nyack, New York 10960
and VIA SECRETARY OF STATE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

**Index No.:**  5,274ⁱ | 2/14

VERONICA BROWN.

                                Plaintiff,

                                     **VERIFIED COMPLAINT**

       -against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                              Defendants.

-------------------------------------------------------------------X

       Plaintiff, complaining of the defendant herein, by her attorneys SALZMAN, & WINER, LLP., alleges the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION AS TO ST. KITTS MARRIOTT RESORT AND THE ROYAL BEACH CASINO

      1.     That at all times hereinafter mentioned plaintiff was and is a resident of the County of Kings, City and State of New York.

      2     At all times hereinafter mentioned the defendant ST. KITTS MARRIOTT RESORT AND THE ROYAL BEACH CASINO (hereinafter referred to as "ST. KITTS"), was a hotel and beach resort located in the British West Indies, who did business in and advertised its services in the State of New York, City of New York.

      3.     At all times hereinafter mentioned defendant "ST. KITTS" was a wholly owned subsidiary of co-defendant Marriott International, Inc.

      4.     At all times hereinafter mentioned the defendant "ST. KITTS", was and is a foreign domestic corporation, with a principal place of business at 858 Zenway Blvd., Frigate Bay, St. Kitts, BWI.

      5.     At all times hereinafter mentioned the defendant "ST. KITTS" was and is a foreign corporation, with a principal place of business at 858 Zenway Blvd., Frigate Bay, St. Kitts, BWI.

      6.     At all times hereinafter mentioned the defendant "ST. KITTS"  was the owner of a certain hotel and resort located at 858 Zenway Blvd., Frigate Bay, St. Kitts, BWI (hereinafter referred to as the "premises"), and more particularly the hotel room located at said "premises" thereat (hereinafter referred to as the "hotel room").

7. At all times hereinafter mentioned, defendant "ST. KITTS" by its agents, servants and/or employees, operated the aforesaid "premises" and "hotel room".

8. At all times hereinafter mentioned, defendant "ST. KITTS" by its agents, servants and/or employees, managed the aforesaid "premises" and "hotel room".

9. At all times hereinafter mentioned, defendant "ST. KITTS" by its agents, servants and/or employees, controlled the aforesaid "premises" and "hotel room".

10. At all times hereinafter mentioned, defendant "ST. KITTS" by its agents, servants and/or employees, maintained and was responsible for the maintenance of the aforesaid "premises" and "hotel room".

11. At all times hereinafter mentioned, defendant "ST. KITTS" by its agents, servants and/or employees, repaired and was responsible for the repair of the aforesaid "premises" and "hotel room".

12. That at all times hereinafter mentioned, defendant "ST. KITTS" had an affirmative duty to keep and maintain said "premises" and "hotel room" in good, safe, sound, dry, clean, clear, proper and usable condition.

13. That on or about the 18th day of July, 2013 and for some time prior thereto, defendant "ST. KITTS" through its servants, agents and/or employees breached, violated and disregarded their affirmative duty, by causing, suffering, permitting and allowing the "hotel room" of said "premises" to become, be and remain wet, slippery, unmatted, unsafe, defective and hazardous, and to continue and remain wet, slippery, unmatted, unsafe, defective and hazardous, so that it constituted a nuisance, hazard and trap to the unwary, particularly plaintiff herein.

14. That on or about the 18th day of July, 2013 at approximately 10:30 a.m., plaintiff was lawfully upon said "premises" and "hotel room".

15. That at said time and place, plaintiff was lawfully walking on the tile floor of her "hotel room".

16. That at said time and place, while the plaintiff was lawfully and carefully walking on said floor of the aforesaid "hotel room" she was caused to slip and fall as a result of water dripping down from the air conditioner and air conditioner vent in the ceiling at the aforementioned "hotel room", causing the plaintiff to strike and come into violent contact with the floor, thereby causing her to sustain serious and permanent personal injuries.

17. That said occurrence was directly a result of, and was due solely and wholly to, the negligence, carelessness and recklessness of defendant "ST. KITTS" and each of them, their agents, servants and/or employees in the ownership, operation, maintenance, management, repair, supervision, inspection and control of said "premises" and "hotel room", all without any fault, negligence, lack of care, assumption of risk, inattention, inadvertence, poor judgment,

want of diligence, or other culpable conduct on plaintiff's part contributing thereto.

18. That solely as a result of the foregoing, plaintiff, sustained serious personal injuries, a severe shock to her nervous system, and certain internal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, some of these injuries are of a permanent and lasting nature. Plaintiff has been rendered sick, sore, lame and disabled, and so remains; she has been incapacitated from her vocation and avocations; and she has been and will in the future be required to seek, obtain and undergo hospital and medical care, attention and treatment in an effort to cure herself of her said injuries, and to expend and to become obligated for sums of money in connection therewith.

19. The limitations of liability set forth in CPLR Article 16 do not apply to this action.

20. As a result of the foregoing, the amount of damages sought herein exceeds the jurisdictional limits of all lower courts, which might otherwise have jurisdiction herein.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO MARRIOTT INTERNATIONAL INC.

21. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs "1" through "20" of this Complaint, inclusive, with the same force and effect as though fully set forth at length herein.

22. At all times, defendant MARRIOTT INTERNATIONAL, INC. (hereinafter referred to as "MII") was a foreign business corporation, with main headquarters in the State of Maryland, organized pursuant to the laws of the State of Delaware, licensed by the State of New York with offices in the County of Rockland, Town of Nyack, New York.

23. At all times, defendant "MII" was the parent company of co-defendant St. Kitts.

24. At all times, defendant "MII" controlled, owned and supervised co-defendant St. Kitts.

25. At all times hereinafter mentioned the defendant "MII" was the owner of the co-defendant St. Kitts Marriott Resort located at 858 Zenway Blvd., Frigate Bay, St. Kitts, BWI (hereinafter referred to as the "premises"), and more particularly the hotel room located at said "premises" thereat (hereinafter referred to as the "hotel room").

26. At all times hereinafter mentioned, defendant "MII" by its agents, servants and/or employees, operated the aforesaid "premises" and "hotel room".

27. At all times hereinafter mentioned, defendant "MII" by its agents, servants and/or employees, managed the aforesaid "premises" and "hotel room".

28. At all times hereinafter mentioned, defendant "MII" by its agents, servants and/or employees, controlled

the aforesaid "premises" and "hotel room".

29.     At all times hereinafter mentioned, defendant "MII" by its agents, servants and/or employees, maintained and was responsible for the maintenance of the aforesaid "premises" and "hotel room".

30.     At all times hereinafter mentioned, defendant "MII" by its agents, servants and/or employees, repaired and was responsible for the repair of the aforesaid "premises" and "hotel room".

31.     That at all times hereinafter mentioned, defendant "MII" had an affirmative duty to keep and maintain said "premises" and "hotel room" in good, safe, sound, dry, clean, clear, proper and usable condition.

32.     That on or about the 18th day of July, 2013 and for some time prior thereto, defendant "MII" through its servants, agents and/or employees breached, violated and disregarded their affirmative duty, by causing, suffering, permitting and allowing the "hotel room" of said "premises" to become, be and remain wet, slippery, unmatted, unsafe, defective and hazardous, and to continue and remain wet, slippery, unmatted, unsafe, defective and hazardous, so that it constituted a nuisance, hazard and trap to the unwary, particularly plaintiff herein.

33.     That on or about the 18th day of July, 2013 at approximately 10:30 a.m., plaintiff was lawfully upon said "premises" and "hotel room".

34.     That at said time and place, plaintiff was lawfully walking on the tile floor of her "hotel room".

35.     That at said time and place, while the plaintiff was lawfully and carefully walking on said floor of the aforesaid "hotel room" she was caused to slip and fall as a result of water dripping down from the air conditioner and air conditioner vent in the ceiling at the aforementioned "hotel room", causing the plaintiff to strike and come into violent contact with the floor, thereby causing her to sustain serious and permanent personal injuries.

36.     That said occurrence was directly a result of, and was due solely and wholly to, the negligence, carelessness and recklessness of defendant "MII" and each of them, their agents, servants and/or employees in the ownership, operation, maintenance, management, repair, supervision, inspection and control of said "premises" and "hotel room", all without any fault, negligence, lack of care, assumption of risk, inattention, inadvertence, poor judgment, want of diligence, or other culpable conduct on plaintiff's part contributing thereto.

37.     That solely as a result of the foregoing, plaintiff, sustained serious personal injuries, a severe shock to her nervous system, and certain internal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, some of these injuries are of a permanent and lasting nature. Plaintiff has been rendered sick, sore, lame and disabled, and so remains; she has been incapacitated from her vocation and

avocations; and she has been and will in the future be required to seek, obtain and undergo hospital and medical care, attention and treatment in an effort to cure herself of her said injuries, and to expend and to become obligated for sums of money in connection therewith.

38.     The limitations of liability set forth in CPLR Article 16 do not apply to this action.

39.     As a result of the foregoing, the amount of damages sought herein exceeds the jurisdictional limits of all lower courts, which might otherwise have jurisdiction herein.

**WHEREFORE,** plaintiff demands monetary judgment against the defendant in an amount to be determined upon the trial of this action, together with the costs and disbursements of the within action.

Dated: New York, New York
       March 26, 2014

                              SALZMAN & WINER, LLP.
                              Attorneys for Plaintiff
                              305 Broadway, Suite 1204
                              New York, New York 10007
                              (212) 233-6550

                              By: _____
                                   Mitchell G. Shapiro, Esq.

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                    ) ss.:
COUNTY OF NEW YORK  )

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am a member of the firm of SALZMAN & WINER, LLP., the attorneys of record for the plaintiffs in the within action; I have read the foregoing

### SUMMONS and VERIFIED COMPLAINT

and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true. The reason this verification is made by me and not by plaintiff is that deponent maintains offices outside the County in which plaintiff resides.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: entire file maintained in your deponent's offices; investigations, etc.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
        March 26, 2014

                                             Mitchell G. Shapiro, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X     **Index No.:** 502748 2014

VERONICA BROWN,

                              Plaintiff,

       -against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                            Defendants.
-------------------------------------------------------------X

=================================================================================
## SUMMONS and VERIFIED COMPLAINT
=================================================================================

**SALZMAN & WINER, LLP.**
Attorneys for Plaintiff
305 Broadway, Suite 1204
New York, New York 10007
Tel: (212) 233-6550

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

———————————————————————X

VERONICA BROWN,

                          Plaintiff,                              Index No.: 502748/2014

            -against-                                             **VERIFIED**
                                                                  **ANSWER**

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                          Defendants.

———————————————————————X

Defendant, MARRIOTT INTERNATIONAL, INC., by their attorneys, WHITE

FLEISCHNER & FINO, LLP, as and for a verified answer to the plaintiff's verified complaint,

respectfully alleges:

### AS AND FOR DEFENDANT'S ANSWER TO FIRST CAUSE OF ACTION AS TO ST. KITTS MARRIOTT RESORT AND ROYAL BEACH CASINO

1.       Denies knowledge and information sufficient to form a belief as to those

allegations set forth in paragraphs numbered "1," "2," "14" and "15".

2.       Upon information and belief denies those allegations set forth in paragraphs

numbered "4," "5," "9," "11," "12," "13," "16," "17" and "18".

3.       Denies each and every allegation set forth in paragraphs numbered "19" and

"20" and leaves all matters of law to the honorable court.

4.       Denies each and every allegation set forth in paragraphs numbered "3," "6,"

"7," "8" and "10".

## AS AND FOR DEFENDANT'S ANSWER TO FIRST CAUSE OF ACTION AS TO MARRIOTT INTERNTIONAL, INC.

5.     Defendant MARRIOTT INTERNATIONAL, INC. repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1"" through "20" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "21".

6.     Denies each and every allegation set forth in paragraphs numbered "23," "24," "25," "26," "27," "28," "29," "30," "36" and "37".

7.     Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "33," "34" and "35".

8.     Denies each and every allegation set forth in paragraphs numbered "22" except admits that MARRIOTT INTERNATIONAL, INC., is a Delaware corporation with primary offices in Maryland.

9.     Denies each and every allegation set forth in paragraphs numbered "31," "32," "38" and "39" and leaves all matters of law to the honorable court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10.     Pursuant to CPLR Article 16, the liability of defendant MARRIOTT INTERNATIONAL, INC., to the plaintiff herein for non-economic loss is limited to defendant's MARRIOTT INTERNATIONAL, INC.'s, equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11.     That by entering into the activity in which the plaintiff was engaged at the time of the occurrence set forth in the complaint, said plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff in her activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12.     Plaintiff has recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources.  Any award made to plaintiff shall be reduced in accordance with the provisions of CPLR 4545(c).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13.     Any damages sustained by the plaintiff was caused by the culpable conduct of the plaintiff, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant.  But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14.     The risks and dangers, if any, were open, obvious, notorious, and apparent.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15.     This case shall be dismissed under the doctrine of Forum Non Conveniens.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16.     Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17.     That the Court herein does not have jurisdiction over the person of the defendant MARRIOTT INTERNATIONAL, INC., in that they were not properly served with the summons and complaint in the above action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18.     Plaintiff failed to mitigate damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19.     That this answering Defendant was without notice of any of the purported conditions alleged in the various complaints.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

20.     That this answering Defendant did not owe the Plaintiff any of the duties alleged in this lawsuit.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

21.     The named defendant "St. Kitts Marriott Resort and the Royal Beach Casino" is not an actual entity, upon information and belief.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

22.     That the plaintiff failed to use safety devices available to the plaintiff(s) at the time of the events alleged in the plaintiff's complaint and the plaintiff's failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

23.     The risk, defect and/or danger, if any, was trivial.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

24.     That the plaintiff could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

WHEREFORE, defendant MARRIOTT INTERNATIONAL, INC., demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated:          New York, New York
                May 27, 2014

WHITE FLEISCHNER & FINO, LLP

By:   _____
          Daniel M. Stewart
Attorneys for Defendant
MARRIOTT INTERNATIONAL, INC.
61 Broadway - 18th Floor
New York, New York 10006
(212) 487-9700
dstewart@wff-law.com
Our File No.: 105-18017

TO:     (See Attached Affidavit)

STATE OF NEW YORK          )
COUNTY OF NEW YORK    ) ss:

DANIEL M. STEWART, being duly sworn, deposes and says:

That he is the attorney for the defendants in the within action; that he has read the within Answer and knows the contents thereof, and that same is true to his own knowledge, except and to the matters herein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

That the sources of his information and knowledge are investigation and records on file.

That the reason this verification is being made by deponent and not by defendants is that the defendants are not within the county where deponent has his office.

                                                                          _____
                                                                          Daniel M. Stewart

Sworn to before me this
27th day of May, 204

_____

YURI KAKURIEV
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01KA6052808
COMM. EXP. 12/26/20__



# NYSCEF - Kings County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

**Veronica Brown - v. - St. Kitts Marriott Resort and The Royal Beach Casino et al**

**502748/2014**

## Documents Received

| Doc # | Document Type | Motion # | Date Received |
|-------|--------------|----------|---------------|
| 5 | NOTICE OF APPEARANCE | | 05/27/2014 04:45 PM |
| 6 | ANSWER | | 05/27/2014 04:45 PM |

## Filing User

Name: **DANIEL M STEWART**

Phone **212-487-9700**   E-mail Address: **dstewart@wff-law.com**

Fax #: **212-487-9777**   Work Address: **61 Broadway**
**New York, NY 10006**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 05/27/2014 04:45 PM:

**SHAPIRO, MITCHELL G. - maria@salzmanwiner.com**

**STEWART, DANIEL M - dstewart@wff-law.com**

**Shapiro, Mitchell G. - maria@salzmanwiner.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

---

**Hon. Nancy T. Sunshine, King's County Clerk**
Phone: 347-404-9760    Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone: (646) 386-3033    Fax: (212) 401-9146    Website: www.nycourts.gov/efile**

STATE OF NEW YORK  )
COUNTY OF NEW YORK ) ss:

JANET BERGOLLO, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Queens, New York.

That on May 27, 2014, deponent served the within **VERIFIED ANSWER** upon the attorneys and parties listed below via electronic filing system (NYSCEF) and by United States prepaid mail by placing same in a mailbox in the State of New York:

TO:

Michael G. Shapiro
Salzman & Winer, LLP
Attorneys for Plaintiff
305 Broadway – Suite 1204
New York, New York 10007
212-233-6550

_____
JANET BERGOLLO

Sworn to before me this
27th day of May, 2014

DANIEL M. STEWART
Notary Public, State of New York
No. 02ST6078049
Qualified in New York County
Commission Expires May 19, 20_15

Index No. 502748                                                Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

VERONICA BROWN,

                            Plaintiff,

            -against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                            Defendants.

---

## VERIFIED ANSWER

---

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANT, MARRIOTT INTERNATIONAL, INC.*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**
**(212) 487-9700**

---

*To:*
*Attorney(s) for*

---

*Service of a copy of the within*          is hereby admitted.
*Dated:*

                                    ..........................
                                    *Attorney(s) for*

---

*PLEASE TAKE NOTICE*

☐   *that the within is a (certified) true copy of a*
     *entered in the office of the clerk of the within named Court on*
NOTICE OF
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
     *one of the judges of the within named Court, at , on , at .*
NOTICE OF
SETTLEMENT
*Dated:*

                                    **WHITE FLEISCHNER & FINO, LLP**
                                    *Attorneys for*
                                       **61 BROADWAY**
                                       **NEW YORK, N.Y. 10006**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

———————————————————————X

VERONICA BROWN,

                        Plaintiff,

         -against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                        Defendants.

———————————————————————X

Index No.: 502748/2014

**DEMAND FOR
RELIEF**

S I R S :

       PLEASE TAKE NOTICE that, pursuant to CPLR 3017(c) the defendantS herein, ST.

KITTS MARRIOTT RESORT AND THE ROYAL BEACH CASINO and MARRIOTT

INTERNATIONAL, INC., hereby requests that, within fifteen (15) days hereof, the plaintiff,

VERONICA BROWN, serve a supplemental demand for relief setting forth the total damages to

which he deems himself entitled.

Dated:      New York, New York
            May 27, 2014

                         WHITE FLEISCHNER & FINO, LLP

                         By:

                            Daniel M. Stewart
                         Attorneys for Defendant
                         MARRIOTT INTERNATIONAL, INC.
                         61 Broadway - 18th Floor
                         New York, New York 10006
                         (212) 487-9700
                         dstewart@wff-law.com
                         Our File No.: 105-18017

TO:    (See Attached Affidavit)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

————————————————————————X

VERONICA BROWN,

                        Plaintiff,                Index No.: 502748/2014

        -against-                    **DEMAND FOR BILL**
                                                  **OF PARTICULARS**

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                        Defendants.

————————————————————————X

S I R S :

        PLEASE TAKE NOTICE, that you are hereby required to serve and file the following verified particulars of plaintiff(s) alleged cause of action herein, within twenty (20) days from the date hereof:

        1.      The date of birth, social security number and residence of each plaintiff.

        2.      Date, approximate time and condition of weather at time of accident.

        3.      State the exact location and manner in which plaintiff(s) alleges or will allege the accident occurred.

        4.      Give the nature, extent, location and duration of each and every injury claimed to have been sustained by each plaintiff specifying each injury which is claimed permanent or that none is permanent.

        5.      How long will it be claimed that each plaintiff was confined to (a) hospital or hospitals, giving specific dates of admission and discharge, (b), bed and (c) home, giving the specific dates of confinement.

        6.      If x-rays were taken, state the name and address of the place where they were taken, the name and address of the person who took them, the date each was taken and what it disclosed.

        7.      If treated by doctors, state the name and present address of each doctor, the dates and places where treatments were received and the date of last treatment. Annex true copies of all written reports rendered to you by any such doctors whom you propose to have testify in your behalf.

8.      If still being treated, the name and address of each doctor rendering treatment, where and how often treatment is received and the nature thereof.

9.      If a previous injury, disease, illness or condition is claimed to have been aggravated, accelerated or exacerbated, specify in detail the nature of each and the name and present address of each doctor, if any, who rendered treatment for said condition.

10.      If employed at the time of accident, state:  (a) The name and address of the employer. (b) Position held and nature of work performed. (c) Average weekly wages for past year. (d) Period of time lost from employment, giving dates. (e) Amount of wages lost, if any.

11.      If other loss of income, profit or earnings is claimed:

(a)      State total amount of said loss.

(b)      Give a complete detailed computation of said loss.

(c)      State nature and source of loss of such income, profit and earnings and date of deprivation thereof.

12.      Itemize any and all other losses or expenses incurred not otherwise set forth.

13.      State what earnings, if any, each plaintiff claims to have lost.

14.      If there has been a return to employment or occupation, state:

(a)      Name and address of present employer.

(b)      Position held and nature of work performed.

(c)      Present weekly wages, earnings, income or profit.

15.      State the sum of money claimed to have been extended or the indebtedness incurred by each plaintiff for:

(a)      medicines,

(b)      physicians services,

(c)      hospitalization and

(d)      nurses' services, itemizing amounts paid to each doctor or hospital.

16.      Describe all injuries sustained by you in any prior accident.

17.     Annex hereto copies of all interrogatories ever signed by you in said prior incidents.

18.     If damage to property is claimed to have resulted from such accident:

    a.      describe in detail each and every item of property allegedly damaged;

    b.      state the cost to repair or replace each and every item of damage to plaintiff's property;

    c.      state the amount of damages sustained by plaintiff(s) for loss of profits and how this amount was calculated.

19.     If the accident involves property or premises, state:

    a.      the exact part or portion of the premises wherein the alleged accident occurred;

    b.      if said occurrence took place upon a stairway the location and the step thereon.  If accident happened on sidewalk, the distance from the nearest intersection and the nearest curb or building line;

    c.      the exact defect which caused the alleged occurrence and in what manner the defendants were negligent;

    d.      whether this defendant(s) had actual and/or constructive notice of the alleged defective condition;

    e.      if such notice was actual, state:

        (1) the date notice was given;
        (2) the identity of the individual giving notice;
        (3) the identity of the individual to whom notice was given;

    f.      if such notice was constructive, state the length of time the condition existed.

    g.      if it is claimed that negligent repairs were made, state when, where and by whom on behalf of the defendant(s) they were made, and in what manner such repairs were negligent.

20.     If an intentional act or tort is claimed:

    a.   set forth in detail the circumstances leading up to the alleged intentional act, including but not limited to, the physical acts, verbal threats, etc.,

        b.      set forth the exact acts which are alleged to constitute the intentional act.

21.    A statement of the acts or omissions constituting the negligence claimed.

22.    State what statutes, regulations, rules, ordinances it will be claimed were violated by this defendant, specifying the chapter, section, subdivision or article thereof:

        a.      the date of each alleged violation;

        b.      how and in what manner was each violation committed by this defendant(s).

23.    State whether plaintiff was married at the time of the occurrence alleged in the Complaint.

24.    Set forth the name and address of plaintiff's spouse.

25.    If a claim will be made for loss of service or consortium set forth the manner in which such damages are calculated.

        a.      identify the nature of the loss of services or consortium;

        b.      set forth the length of time for which such claim is made.

PLEASE TAKE FURTHER NOTICE, that in the event of the plaintiff's failure to comply with the foregoing demand within twenty (20) days, the defendant(s) will move to preclude the offering of any evidence as to the matters herein demanded.

Dated:      New York, New York
            May 27, 2014

                    WHITE FLEISCHNER & FINO, LLP

                    By:

                    Daniel M. Stewart
                    Attorneys for Defendant
                    MARRIOTT INTERNATIONAL, INC.
                    61 Broadway - 18th Floor
                    New York, New York 10006
                    (212) 487-9700
                    dstewart@wff-law.com
                    Our File No.: 105-18017

TO:    (See Attached Affidavit)

STATE OF NEW YORK   )
COUNTY OF NEW YORK ) ss:

JANET BERGOLLO, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Queens, New York.

That on May 27, 2014, deponent served the within **DEMAND FOR BILL OF PARTICULARS** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:


TO:

Michael G. Shapiro
Salzman & Winer, LLP
Attorneys for Plaintiff
305 Broadway – Suite 1204
New York, New York 10007
212-233-6550

JANET BERGOLLO

Sworn to before me this
27th day of May, 2014

YURI KAKURIEV
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01KA6052808
COMM. EXP. 12/26/20_14_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

VERONICA BROWN,

Plaintiff,

-against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

Defendants.

## DEMAND FOR BILL OF PARTICULARS

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANT, MARRIOTT INTERNATIONAL, INC.*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**
**(212) 487-9700**

*To:*
*Attorney(s) for*

*Service of a copy of the within*          is hereby admitted.
*Dated:*

..........................
*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐  *that the within is a (certified) true copy of a*
   *entered in the office of the clerk of the within named Court on*
NOTICE OF
 ENTRY

☐  *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
   *one of the judges of the within named Court, at , on , at  .*
NOTICE OF
SETTLEMENT
*Dated:*

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

————————————————————————X

VERONICA BROWN,

                             Plaintiff,

            -against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                         Defendants.

————————————————————————X

Index No.: 502748/2014

**DEMAND FOR
EXAMINATION
<u>BEFORE TRIAL</u>**

S I R S :

       PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules the testimony, upon oral examination, of all adverse parties will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the offices of WHITE FLEISCHNER & FINO, LLP, 61 Broadway, 18th Floor, New York, New York 10006, on the 9th day of September, 2014, at 2:00 o'clock in the afternoon of that day with respect to the evidence material and necessary in the defense of this action.

That the said person to be examined is required to produce at such examination the following:  books, records and papers pertaining to the above action.

Dated:        New York, New York
              May 27, 2014

                                    WHITE FLEISCHNER & FINO, LLP

                                    By: _____

                                    Daniel M. Stewart
                                    Attorneys for Defendant
                                    MARRIOTT INTERNATIONAL, INC.
                                    61 Broadway - 18th Floor
                                    New York, New York 10006
                                    (212) 487-9700
                                    dstewart@wff-law.com
                                    Our File No.: 105-18017

TO:     (See Attached Affidavit)

*Index No.* 502748                                    *Year    2014*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

VERONICA BROWN,

Plaintiff,

-against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

Defendants.

## DEMAND FOR EXAMINATION BEFORE TRIAL

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANT, MARRIOTT INTERNATIONAL, INC.*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**
**(212) 487-9700**

*To:*
*Attorney(s) for*

*Service of a copy of the within*          is hereby admitted.
*Dated:*

...........................
*Attorney(s) for*

*PLEASE TAKE NOTICE*
☐     *that the within is a (certified) true copy of a*
      *entered in the office of the clerk of the within named Court on*
NOTICE OF
ENTRY

☐     *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
      *one of the judges of the within named Court, at , on , at  .*
NOTICE OF
SETTLEMENT
*Dated:*

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------X        Index No.: 502748/2014

VERONICA BROWN,

                                        Plaintiff,              **VERIFIED**
                                                               **BILL OF PARTICULARS**

                    -against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                                        Defendants.
-------------------------------------------------------------X

Plaintiff, as and for a Verified Bill of Particulars, in response to the demands of the

Defendant, MARRIOTT INTERNATIONAL. respectfully alleges as follows:

1.       Plaintiff was born on April 9, 1956.  Plaintiff's Social Security number  #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.

Plaintiff resides at 463 East 56th Street, Brooklyn, New York.

2.       Plaintiff's accident occurred on July 18, 2013 at approximately 10:30 a.m.

3.       Plaintiff's accident occurred at The St. Kitts Marriott Resort  & Royal  Beach Casino,

located at 858 Zenway Boulevard, Frigate Bay, St. Kitts, and British West Indies..

4.       Plaintiff claims the following personal injuries:

A.       **C3-C4 LEFT CENTRAL DISC HERNIATION CAUSING SPINAL CORD
         DEFORMITY;**

B.       **C4-C5 LARGE MIDLINE DISC HERNIATION CAUSING CORD DEFORMITY;**

C.       **C5-C6 BROAD LEFT CENTRAL DISC HERNIATION CAUSING CORD
         DEFORMITY;**

D.       **C6-C7 RIGHT CENTRAL DISC HERNIATION CAUSING CORD DEFORMITY;**

E.       **C4-C5 IS MAJOR DEFORMITY OF THE CORD AND MOST CONCERNING A
         BRIGHT SIGNAL WITHIN SUBSTANCE OF THE CORD INDICATING
         MYELOMALACIA;**

F.     THREE OTHER LEVELS INVOLVED MAKING A TOTAL OF FOUR LEVELS OF CORD COMPRESSION;

G.     COMPRESSIVE CERVICAL MYELOPATHY;

H.     DIFFUSE CERVICAL SPONDYLOSIS;

I.     C3-C7 DECOMPRESSION LAMINECTOMY;

J.     C3-C6 INTERNAL SPINAL FIXATION BY MEANS OF MASS SCREWS AND RODS;   (Annexed hereto as Exhibit "A"  is surgical report).

K.     SIGNIFICANT LOSS OF RANGE OF MOTION THE CERVICAL SPINE;

L.     SEVERE MUSCLE SPASM  IN NECK;

M.     NECK TENDER UPPER PALPATION;

N.     STRAIGHTENING OF THE CERVICAL LORDOSIS;

O.     ASSYMMETRY BETWEEN REFLEXES IN THE UPPER AND THE LOWER LIMBS;

P.     SIGNIFICANT SURGICAL SCARRING;

Q.     MUSCLE SPASM IN THE PORTERIOR PARAVERTEBRAL MUSCLES.

R.     MARKED RESTRICTION OF EXTENSION OF THE NECK AND TENDERNESS UPON PALPATION OF THE LOWER SPINOUS PROCESSES.

S.     MILD RESTRICTION OF ROTATION AND EVEN MODERATE RESTRICTION OF FLEXION, WHICH IS UNUSUAL;

T.     MODERATE DEGREE OF PARAVERTEBRAL MUSCLE SPASM IN THE POSTERIOR PARAVERTEBRAL MUSCLES OF THE NECK;

U.     MOTOR TESTING DEMOSTRATES WEAKNESS;

V.     ALSO WEAKNESS OF ABDUCTION OF THE RIGHT ARM;

W.     THERE IS MODERATE WEAKNESS OF THE RIGHT HIP FLEXION, IS MILD ON THE LEFT SIDE;

X.     SENSORY TESTING; IT COMES TO DEEP TENDON REFLEXES, THERE IS A CLEARCUT ASYMMETRY BETWEEN THE UPPER AND

LOWER LIMBS BEING 1+IN THE UPPER LIMBS AND 3+IN THE LOWER LIMBS;

Y.   ASYMMETRY OF TRICEPS REFLEX BEING DECREASED ON THE RIGHT.

Z.   PSYCHOLOGICAL SEQUALAE AND MENTAL ANGUISH AND

AA.   EMOTIONAL DISTRESS,

BB.   IN ADDITION, FURTHER INVOLVEMENT OF PLAINTIFF'S MUSCLES, TENDONS, LIGAMENTS, SOFT AND HARD TISSUES, CARTILAGINOUS PARTS, BODY CAPSULES AND JOINTS, BLOOD VESSELS, NERVES AND NERVOUS SYSTEM IN AND ABOUT THE SURROUNDING AREAS OF THE AFORESAID INJURED PARTS, ALL ASSOCIATED WITH AND ACCOMPANIED BY PAIN, TENDERNESS, SWELLING, STIFFNESS, WEAKNESS, DISFIGUREMENT, DEFORMITY, IMMOBILITY, DISABILITY, AND RESTRICTION AND LIMITATION OF MOTION IN WHICH MAY RESULT IN AN ARTHRITIC CONDITION.

5.   Except for necessary visits to her health care providers plaintiff is being confined to home and bed following the within accident.

6.   Plaintiff X-rays were taken at the hospital and her medical providers.

7-8.   Plaintiff was treated by the medical staff of St. Kitts-Joseph N. France General Hospital, Wyckoff Heights Medical Center, 374 Stockholm Street, Brooklyn, New York and NYU Hospital for Joint Diseases.

9.   Not applicable.

10.   (a)Plaintiff was employed by The Board of Education of the City of New York. (b). Plaintiff's position was a Registered Nurse. (c). Plaintiff yearly salary at the time of accident was $40,000.00 but, her estimated loss of earning are approximately $500,000.00. (d) As a result of the surgery endured by Ms. Brown, she was forced to resign from her position as a Registered Nurse, with the Board of Education of the City of New York.

11.   (a) Estimated loss of earning $500,000.00

(b-c) Will be provided upon as ascertained.

12. Any other losses or expenses will be provided upon as ascertained.

13. See item #10 for details.

14. See item 10 (c-d) for better details.

15. Plaintiff at the present time is not aware of the sum of money incurred due to her accident.

16. Not applicable.

17. Not applicable.

18. Not applicable.

19. Actual notice of the defective and dangerous condition is claimed in that the defendant caused and/or created the defective condition and observed and/or perceived the defective condition prior to the happening of the accident. Defendants did perform repairs, or inadequate maintenance and/or services at the accident location and put to special use the area where the accident happened on or about the date of the accident or shortly prior to the date of accident. If oral or written notice existed prior to the time of the accident, then such information is currently unknown to the plaintiff or his attorneys, but may be within the knowledge and purview of the defendants. Plaintiff reserves the right to supplement this response following the completion of discovery.

The names and address of defendants, agents, employees, and/or servants involved is presently unknown. Plaintiff reserves the right to supplement this response following the completion of discovery. Defendants had constructive notice in that the condition existed for a substantial period of time prior to the happening of the accident and defendants should have had notice and knowledge thereof though the use of due diligence and care.

20-21. That the defendant, its agents, servants and/or employees were negligent and careless in the ownership, operation, maintenance and control of the aforesaid premises in

permitting the floors of said appurtenances more particularly the area where the air conditioner was located at the said hotel room to become and remain in a dangerous, wet, defective, unsafe, improperly maintained condition, in failing to provide safety mats and/or other protective ground covering, for the safety of its invitee more particularly the plaintiff herein, in failing to place proper signs or barricades around said area, in allowing, permitting and maintaining the said premises and more particularly the hotel room area in a perfect condition, in allowing and permitting the area in which the plaintiff was staying to be and remain in a wet, slippery, unsafe and dangerous condition, in failing to warn, in failing to inspect, in failing to repair; and in the ownership, operation, maintenance and control of the aforesaid premises and more particularly the are where the air conditioned was located.  In failing to maintain proper drainage in front of said building thereby permitting water dripping down for the air conditioner vent in the ceiling at the aforementioned hotel room of said premises.   The condition had existed for such an unreasonable length of time that defendant in the exercise of due care, should have been aware.

22-    Pursuant to the holding in <u>Langella v. D'Agostino</u>, 471 N.Y.S. 2d 454, where no specific allegation of a defendant's violation of law has been made in a Complaint, such violations need not be particularized until all disclosure has been completed.  No allegation of violation of law by defendant has been made in the complaint herein.  Accordingly, plaintiff reserves the particularization of such violations until after the completion of all disclosure herein.  However, this Honorable Court is respectfully requested to take judicial notice of each of all of those laws, codes, customs, official directives, statutes, ordinances, rules and regulations which were or may have been violated, breached, disregarded, not heeded, disobeyed, not observed, not conformed to or not complied with by the acts and omissions hereinabove set forth.

23.    Plaintiff is not married.

24.    Not applicable.

25.   Loss of Consortium is not claim.

**PLEASE TAKE FURTHER NOTICE,** that Plaintiff reserves the right to serve further, supplemental and/or amend this response up to and including the time of trial.

Dated: New York, New York
       September 22, 2014

<div style="margin-left:50%">

Yours, etc.,

Harvey Winer, Esq.
SALZMAN & WINER, LLP.
Attorneys for Plaintiff
305 Broadway, Suite 1204
New York, New York 10007
(212) 233-6550

</div>

TO:   WHITE FLEISCHNER & FINO, LLP
      Attorneys for Defendant
      MARRIOR INTERNATIONAL, INC.,
      61 Broadway, 18th floor
      New York, New York 10006
      (212) 487-9700
      File #105-18017

**ATTORNEY VERIFICATION**

STATE OF NEW YORK          )
                           ) ss.
COUNTY OF NEW YORK         )

    HARVEY WINER, ESQ., being duly sworn, deposes and says that I am the attorney for the plaintiff, I have read the foregoing **VERIFIED BILL OF PARTICULARS** and it is true to the best of my knowledge, except to those matters stated to be alleged on information and belief, and to those matters I believe them to be true.

    It is further stated that the grounds of my belief as to the matters stated on information and belief are derived from admissions of the plaintiff and the reason that this verification is not made by the plaintiff is that plaintiff lives outside of this County.

Dated:  New York, New York
         September 22, 2014

                                            Harvey Winer, Esq.

**SALZMAN & WINER, LLP**
305 BROADWAY, SUITE 1204
NEW YORK, NY 10007

# FIRST CLASS MAIL



TO:

WHITE FLEISCHNER & FINO, LLP
61 Broadway, 18th floor
New York, New York 10006