UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
VERONICA BROWN,                                    Docket No.: CV-14-5960 (SLT)(MDG)

                        Plaintiff,
   -against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                        Defendants.
---------------------------------------------------------X

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

       The parties, by the signatures of their respective counsel below, stipulate to the following Confidentiality Agreement and Protective Order (the "Stipulation and Order") in this action:

       1.    Documents and records disclosed by the parties that are deemed "Confidential Documents" and/or "Confidential Information" and/or "Confidential", and all deposition testimony or other form of discovery response that is given in this action concerning said Confidential Documents must be treated as confidential by all parties to this litigation and used only for purposes directly related to discovery, preparation for trial and trial in this action and for no other purpose. The parties, their counsel, and all individuals identified in paragraphs 2 and 3 of this Stipulation and Order are restrained from using, disclosing, or otherwise divulging Confidential Information, except as provided herein.

       2.    Confidential Information may not be disclosed to any persons other than (a) the parties to this litigation, (b) counsel of record for the parties to this litigation, including employees of their law firms, (c) experts, specialists or other consultants contacted or employed by the parties or their counsel of record, provided that such expert, specialist or other consultant

is advised that the information to which s/he has been given access is Confidential Information and further provided that such expert, specialist or other consultant agrees in writing to be bound by the terms of this Stipulation and Protective Order, (d) witnesses or prospective witnesses in this litigation, (e) the Court and Court personnel, and (f) court reporters, unless and until the Court makes a written order to the contrary.

3. Confidential Information may be disclosed to the author, sender, addressee, and designated copy recipients of the particular Confidential Information.

4. Any person who is provided with Confidential Information pursuant to paragraph 2(c) of this Stipulation and Order must return to counsel or destroy all Confidential Information and all copies, summaries, reports and other materials containing Confidential Information immediately at the termination of the consulting relationship, and in no event more than sixty (60) days after entry of a final judgment in this action or other resolution of the matter such as settlement, whichever is earliest, or as otherwise ordered by the Court.

5. Counsel may designate said Confidential Documents or Confidential Information as confidential by marking the Document(s) (whether by Bates-stamping or other method) "CONFIDENTIAL."

6. Confidential Information includes any oral or written statement, document, memorandum or other recording that substantially reproduces or paraphrases Confidential Information, as well as any information derived from Confidential Information.

7. The parties, counsel for the parties, expert witnesses employed by counsel for the parties, and all other persons receiving Confidential Information pursuant to paragraph 2 or paragraph 3 of this Stipulation and Order will not reveal or disclose Confidential Information or

make it available for inspection or copying to any person other than in accordance with paragraph 2 and 3, unless ordered to do so by the Court.

8. The inadvertent production of any materials that otherwise might be designated as confidential under the terms of this Stipulation and Order shall not constitute a waiver of the producing party's right to designate such materials as confidential. Following the timely designation of materials as confidential in accordance with the terms of this Stipulation and Order, such materials shall thereafter be treated as if they were so designated at the time of their production; provided, however, that no disclosure or other use of such materials before the party in possession thereof has received actual notice of the producing party's designation of such materials as confidential shall constitute a violation of this Stipulation and Order.

9. Within sixty (60) days after the entry of a final judgment (including resolution of appeals or petitions for review), and/or filing of a consent order of dismissal, or other resolution of the litigation, all materials designated as confidential, other Confidential Information including those in the possession of persons who have Confidential Information pursuant to paragraph 2 or paragraph 3 of this Stipulation and Order, but excluding (a) excerpts incorporated into any privileged materials of the parties and (b) such materials that have become a part of the record in the action, will be destroyed or returned to counsel for the party that produced it. In the event the counsel chooses to destroy the materials rather than return them to the producing party, counsel will confirm in writing by letter to the producing party that the materials have been destroyed.

10. The Court shall be notified, as soon as practicable, by one or more parties that they intend to use Confidential Information at trial and/or hearing(s) prior to the use of the same in open Court.

11. In the event that a producing party discovers that it has inadvertently produced privileged material up to the time of the exchange of the parties' trial exhibit lists in this action, the production shall not constitute a waiver of the privilege and the producing person may correct that error at any time by written notice specifically identifying the privileged material that was inadvertently produced. Upon receipt of a written notice concerning inadvertent production of privileged material, the receiving party shall forthwith return to the producing person the originals and all copies of the privileged Material, delete any versions of the privileged material stored in databases it maintains, and make no use of the privileged material.

12. Nothing in this Agreement shall prevent the use of Confidential Information at any court proceeding of this action. If a party seeks to offer Confidential Information into evidence at a court proceeding of this action, that party shall give reasonable advance notice to the person who designated the Confidential Information so as to enable the producing party to apply for and obtain an order sealing the record containing the documents or such other protective order as the producing party may deem appropriate. Pending the resolution of an application to preserve confidentiality in the court no restricted materials may be filed in court.

13. This Agreement is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Agreement, nor the production of any documents under the terms of this Agreement, nor any proceeding pursuant to this Agreement shall be deemed to have the effect of an admission or waiver by either party, or of altering the nature of any documents, or of altering any existing obligation of any party or the absence thereof.

(REMAINDER OF PAGE LEFT BLANK INTENTIONALLY)

14. This Stipulation and Order is without prejudice to the rights of any party to make any further objections to discovery permitted by the Federal Rules of Civil Procedure or by any statute or other authority.

Dated: New York, New York
February __, 2015

Agreed to by the Parties,

_____
Mitchell G. Shapiro, Esq.
Salzman & Winer LLP
Attorneys for Plaintiff
305 Broadway Suite 1204
New York, NY 10007
(212) 233-6550

_____
Daniel M. Stewart, Esq.
White, Fleischner & Fino, LLP
Attorneys for Defendant
Marriott International Inc.
61 Broadway
New York, NY 10006
(212) 487-9700
File 105-18017

So Ordered:

_____
Hon. Marilyn D. Go
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
VERONICA BROWN,                                    Docket No.: CV-14-5960 (SLT)(MDG)

                    Plaintiff,

    -against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                    Defendants.
_____X

## AGREEMENT TO BE BOUND BY STIPULATION OF CONFIDENTIALITY

I, _____, declare as follows:

1. I have read and am familiar with the terms of the Confidentiality Stipulation and Protective Order ("Stipulation and Order") in this case governing disclosure of information designated as Confidential.

2. I have been instructed by counsel for _____ that the parties have agreed and the Court has ordered or will order information designated as "Confidential" to be kept confidential and to be used only in the preparation of this matter for trial and any other pre-trial proceedings in this case and that I may not disclose, convey, publish, or duplicate any confidential information other than under the limited conditions permitted in the Stipulation.

3. I agree to abide by the terms of this Stipulation and will not reveal or otherwise communicate to anyone any confidential information disclosed to me pursuant thereto except in accordance with the terms of the Stipulation. I agree not to use any confidential information for any purpose other than the litigation of this lawsuit.

4. I agree to return to producing counsel all documentation delivered to me under the

terms of the Stipulation and all copies thereof and to destroy any notes in my possession containing any confidential information covered by the terms of this Stipulation.

5. I acknowledge that the Stipulation is binding on me. I consent to the personal jurisdiction of the above-captioned Court for the purposes of determining whether I have violated this Stipulation, and if I have violated any provision, whether to impose sanctions, attorneys' fees and cost as the Court may, after notice and an opportunity to be heard, deem appropriate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 2015, at _____.

_____
Signature

_____
Printed Name

_____
Address
_____