**THE LAW OFFICES OF**
**SALZMAN & WINER, LLP**
305 BROADWAY, SUITE 1204
NEW YORK, NY 10007

ALAN CHESTER SALZMAN
HARVEY WINER

TEL: (212) 233-6550
FAX: (212) 233-6714
EMAIL: salziw@yahoo.com

MITCHELL G. SHAPIRO
mshapiro@salzmanwiner.com

Feb. 19, 2015
VIA ECF
Justice Sandra Townes(USDJ)

Re: Brown v Marriott International Inc
Docket # 14 CV 5960 (SLT) (MDG)
Handling attorneys: Alan C Salzman, Mitchell G. Shapiro

Dear Judge Townes:

We represent the Plaintiff Veronica Brown in this matter; we have defendant Marriott's 2/17/15 letter requesting a pre motion conference. Defendant seeks leave to move to dismiss based on Forum Non Conveniens(FNC) and also , for their inability to join indispensable parties (although they do not state who these parties are). Defendant also seeks a STAY of factual discovery pending decision of their motion.

We also request a pre-motion conference, in connection with our own need to move to amend our complaint to specifically include allegations of estoppel and agency, and to drop/discontinue defendant St Kitts from the caption and complaint leaving only Marriott International Inc. (defense counsel answered only for this entity, asserting as a defense that the St Kitts defendant was not a legal entity) Your rules state a conference is not needed if a party moves to amend a pleading in response to a FRCP 12 motion to dismiss, so that rule may apply to our amendment.

This personal injury case accrued in July 2013. There is no statute of limitations issue.

DEFENDANT REQUEST FOR STAY and MOTION

Our case was initially commenced in Supreme Court Kings County in April 2014; defendant joined issue in May 2014 and served a demand to change venue to this Eastern District Court. We served a bill of particulars in Sept. 2014 and scheduled a preliminary conference;  then in contemplation of a private mediation(which was recently held on 2/13/15) we served dozens of medical authorizations and medical records. Defendant did not remove this case to Federal Court until October 2014(although he could have done so anytime in or after May 2014) , and did not serve

his 2/17/15 letter request to you until after the mediation failed to result in a settlement. We had attended that mediation in good faith as we do in all mediations which usually result in settlement; defendant's insurance carrier adjuster appeared with a structured settlement expert and defense counsel, and our office had two attorneys attend. Both sides submitted voluminous memorandum, and the neutral mediator listened to oral argument for approximately one hour. The mediator asked what our demand was and when we responded 2.5 Million Dollars, he considered that to be reasonable. Plaintiff(born in 1956) sustained severe injury to her spine at the St Kitts Marriott, undergoing fusion to C3 through C7, with insertion of screws, rods and plates. Defendant offered only $45,000.00, however.   I outline this only to demonstrate that we already engaged in extensive discovery and many hours of work here in New York—it is our position that defendant is guilty of LACHES in contemplating making a Forum Non Conveniens(FNC) motion to dismiss at this late date. The FNC facts were known to defendant when the case was commenced, and case law mandates that the motion be made "within a reasonable time" after the facts become known.

In Clarke v Marriott, 2013 WL 4758199 (District Court of the Virgin Islands, Sept. 2013) a FNC motion was denied based on dilatory action.

## PLAINTIFF MOTION TO AMEND

In our amended complaint we will claim that defendant Marriott should be estopped from claiming that they are legally removed from the activities that go on in their hotels worldwide(including this St Kitts hotel) , hiding behind secret franchise or management agreements. Our client will claim she was misled by defendant Marriott advertisements, brochures and other appearances that caused her to reasonably  believe the hotel in St Kitts was a part  of Marriott International, and she decided to vacation at the St Kitts facility based on that belief . In short, Marriott International Inc. vouched for the quality and safety of the St Kitts Marriott.

Defendant Marriot International Inc. is a 40 Billion dollar NY Stock Exchange company; they have 4000 hotels in 70 countries worldwide. They have many subsidiary corporations, and shroud their operations with confidentiality agreements(as was filed herein) and tax shelters. Their hotels use the Marriott name, a respected brand, which generates thousands of guests who rely on the integrity of the name.

The defense attorneys hope to shift liability for plaintiff's injuries away from their client onto foreign entities that no one could ever know or learn about even with diligent inquiry. The true identities should all be disclosed during the reservation process. Marriott International Inc. should stand in support of their customers who sustain injury. They showed up at the mediation herein, not the St Kitts entity after all. Equity demands that this case remain in the Eastern District of NY.

CONCLUSION

A stay should not be granted, and permission to make the FNC motion should be denied. Defendant has waived the right to make the motion at this stage. Plaintiff should be allowed to amend her complaint as outlined, and to drop the St Kitts defendant.

Respectfully submitted,

MITCHELL G. SHAPIRO

cc: Daniel Stewart Esq. by email