UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Index No.: 14-CV-5960 (SLT)(MDG)
VERONICA BROWN,

                            Plaintiff,       **AMENDED**
                                                   **VERIFIED COMPLAINT**

-against-

MARRIOTT INTERNATIONAL, INC.,

                            Defendant.
------------------------------------------------------------X

       Plaintiff, complaining of the defendant herein, by her attorneys SALZMAN, & WINER, LLP., alleges the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION AS TO MARRIOTT INTERNATIONAL INC.

       1.    At all times, defendant MARRIOTT INTERNATIONAL, INC. (hereinafter referred to as "MII") was a foreign business corporation, with main headquarters in the State of Maryland, organized pursuant to the laws of the State of Delaware, licensed by the State of New York with offices in the County of Rockland, Town of Nyack, New York.

       2.    At all times herein mentioned defendant "MII" was the parent company of these entities: St Kitts Marriott Resort & the Royal Beach Casino; Royal St. Kitts Beach Resort, Ltd.; Marriott St. Kitts Beach Club; Royal St. Kitts Golf Club; Luxury Hotels International Management St. Kitts Ltd. (hereinafter "St Kitts Entities").

       3.    At all times hereinafter mentioned, the St. Kitt's entities were subsidiaries of defendant "MII".

       4.    At all times hereinafter mentioned, defendant "MII" controlled the St. Kitt's entities.

       5.    At all times hereinafter mentioned, defendant "MII" owned the St. Kitt's entities.

       6.    At all times hereinafter mentioned, defendant "MII" supervised the St. Kitt's entities.

       7.    At all times hereinafter mentioned, defendant "MII" managed the St. Kitt's entities.

       8.    At all times hereinafter mentioned, defendant "MII" employed the St. Kitt's.

       9.    At all times hereinafter mentioned, defendant "MII" hired the St. Kitt's.

10. At all times hereinafter mentioned, the St. Kitt's entities were the alter egos of defendant "MII".

11. At all times hereinafter mentioned, the St. Kitt's entities were the agents of defendant "MII".

12. At all times hereinafter mentioned, defendant "MII" and the St. Kitt's entities had common officers and directors.

13. At all times hereinafter mentioned, defendant "MII" provided financial support to some or all of the St. Kitt's entities.

14. At all times hereinafter mentioned, defendant "MII", lent its name and mark to the St. Kitts's entities.

15. At all times hereinafter mentioned, defendant "MII" and some or all of the St. Kitt's entities were named insureds on the same liability insurance policy.

16. At all times mentioned there existed a certain hotel and resort located on Frigate Bay Road in Frigate Bay, St. Kitt's, BWI known variously as the St. Kitt's Marriott Resort and/or St. Kitt's Marriott Hotel (hereinafter the premises) and more (as per paragraph 26).

17. That some or all of the St. Kitt's entities acting merely as instrumentalities, conduits and/or adjuncts of defendant "MII", ran, managed, controlled, maintained and supervised the premises.

18. At all times hereinafter mentioned, defendant "MII" by its agents, servants and/or employees, operated the aforesaid "premises" and "hotel room".

19. At all times hereinafter mentioned, defendant "MII" by its agents, servants and/or employees, managed the aforesaid "premises" and "hotel room".

20. At all times hereinafter mentioned, defendant "MII" by its agents, servants and/or employees, controlled the aforesaid "premises" and "hotel room".

21. At all times hereinafter mentioned, defendant "MII" by its agents, servants and/or employees, maintained and was responsible for the maintenance of the aforesaid "premises" and "hotel room".

22. At all times hereinafter mentioned, defendant "MII" by its agents, servants and/or employees, repaired and was responsible for the repair of the aforesaid "premises" and "hotel room".

23. That at all times hereinafter mentioned, defendant "MII" had an affirmative duty to keep and maintain said "premises" and "hotel room" in good, safe, sound, dry, clean, clear, proper and usable condition.

24. That on or about the 18th day of July, 2013 and for some time prior thereto, defendant "MII" through its servants, agents and/or employees breached, violated and disregarded their affirmative duty, by causing, suffering, permitting and allowing the "hotel room" of said "premises" to become, be and remain wet, slippery, unmatted, unsafe, defective and hazardous, and to continue and remain wet, slippery, unmatted, unsafe, defective and hazardous, so that it constituted a nuisance, hazard and trap to the unwary, particularly plaintiff herein.

25. That on or about the 18th day of July, 2013 at approximately 10:30 a.m., plaintiff was a hotel guest lawfully upon said "premises" and "hotel room".

26. That at said time and place, plaintiff was lawfully walking on the tile floor of her "hotel room".

27. That at said time and place, while the plaintiff was lawfully and carefully walking on said floor of the aforesaid "hotel room" she was caused to slip and fall as a result of water dripping down from the air conditioner and air conditioner vent in the ceiling at the aforementioned "hotel room", causing the plaintiff to strike and come into violent contact with the floor, thereby causing her to sustain serious and permanent personal injuries.

28. That said occurrence was directly a result of, and was due solely and wholly to, the negligence, carelessness and recklessness of defendant "MII" its agents, servants and/or employees in the ownership, operation, maintenance, management, repair, supervision, inspection and control of said "premises" and "hotel room", all without any fault, negligence, lack of care, assumption of risk, inattention, inadvertence, poor judgment, want of diligence, or other culpable conduct on plaintiff's part contributing thereto.

29. That the defendant "MII" through its agents, servants, and employees had actual notice of the dangerous condition caused by said air conditioner and air conditioning vent.

30. That solely as a result of the foregoing, plaintiff, sustained serious personal injuries, a severe shock to her nervous system, and certain internal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, some of these injuries are of a permanent and lasting nature. Plaintiff has been rendered sick, sore, lame and disabled, and so remains; she has been incapacitated from her vocation and avocations; and she has been and will in the future be required to seek, obtain and undergo hospital and medical care, attention and treatment in an effort to cure herself of her said injuries, and to expend and to become obligated for sums of money in connection therewith.

31. The limitations of liability set forth in CPLR Article 16 do not apply to this action.

32. As a result of the foregoing, the amount of damages sought herein exceeds the jurisdictional limits of all lower courts, which might otherwise have jurisdiction herein.

## AS AND FOR A SECOND CAUSE OF ACTION
## BASED ON AGENCY

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs "1" through "32" of this Complaint, inclusive, with the same force and effect as though fully set forth at length herein.

34. At all times hereinafter mentioned, The St. Kitt's entities were agents of defendant "MII".

35. At all times hereinafter mentioned, plaintiff relied on what she perceived or presumed to be an apparent agency relationship between defendant "MII" and the St. Kitt's entities or other entities, in deciding to vacation at the subject premises (hotel).

36. At all times hereinafter mentioned, plaintiff was misled by appearances, advertisements, representations and other forms of media and communications made by defendant "MII" to her and

the public in general that it defendant "MII" controlled and in all ways was responsible for the subject premises (hotel) and any room she might occupy at the hotel.

37. At all times hereinafter mentioned, plaintiff did not and had no reason to know or realize that defendant "MII" would attempt to shift blame or liability for her accident to some or all of the St. Kitts entities, none of which had been disclosed to her before she made her decision to vacation at the subject hotel.

38. Plaintiff's understanding and belief that defendant "MII" would be responsible for and liable to her in the event she sustained injury at the hotel due to negligence was objectively reasonable.

39. At all times hereinafter mentioned, the St. Kitt's entities were ACTUAL AGENTS of defendant "MII", as defendant "MII" had the right to control the St. Kitt's entities.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON EQUITABLE ESTOPPEL

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs "1" through "39" of this Complaint, inclusive, with the same force and effect as though fully set forth at length herein.

41. At all times hereinafter mentioned, defendant "MII" through and by its various promotions, advertisements, representations, commercials, brochures, internet site, stationary, slogans and signs misled plaintiff into believing that defendant "MII" would stand behind the subject St. Kitt's Marriott Hotel, and would be answerable for any incidents caused by negligence on the subject premises and in particular in the subject room.

42. At all times hereinafter mentioned, plaintiff relied to her detriment upon these misrepresentations in deciding to choose to vacation at the subject St. Kitt's Hotel.

43. At all times hereinafter mentioned, defendant "MII" intended to mislead plaintiff and the public in general into a state of repose and confidence that defendant "MII" and its name and

reputation would attach to the subject hotel and/or the St. Kitt's entities, in the event of something untoward happening while plaintiff was a guest at the subject hotel.

44. As a result, defendant "MII" should be equitably estopped from denying responsibility or liability for the subject accident herein, that the defendant "MII" and St. Kitt's entities corporate veils should be pierced and their protective shields disregarded so as to prevent fraudulent misrepresentation, and enforce this paramount equity.

## AS AND FOR A FOURTH CASE OF ACTION FOR FRAUD

45. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs "1" through "44" of this Complaint, inclusive, with the same force and effect as though fully set forth at length herein.

46. At all times hereinafter mentioned defendant "MII" represented to plaintiff and the general public, in its media advertising, communications, brochures, logos, stationary, signage and in other diverse ways, that defendant "MII" stood behind and oversaw the management of the subject Marriott Hotel in St. Kitt's, vouched for its integrity and safety, and its good name.

47. At all times hereinafter mentioned defendant "MII" knew that these representations were false.

48. At all times hereinafter mentioned defendant "MII" made these representations recklessly and/or negligently, without regard to whether they were true or false.

49. At all times hereinafter mentioned defendant "MII" made these representations to induce plaintiff and the public in general to rely upon the representations, in a concerted effort to obtain their business and to profit thereby.

50. At all times hereinafter mentioned the plaintiff did justifiably rely upon the fraudulent representations of defendant "MII", and was induced to select the St. Kitt's Marriott Hotel as her vacation destination, and was damaged thereby.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs "1" through "50" of this Complaint, inclusive, with the same force and effect as though fully set forth at length herein.

52. At all times hereinafter mentioned, the acts, omissions and misrepresentations made by defendant "MII" as above and herein described, were wanton, reckless and malicious.

53. At all times hereinafter mentioned, the false and fraudulent representations made by defendant "MII" as above and herein described showed conscious indifference and utter disregard of their effect upon the safety, rights and well-being of others, including plaintiff.

54. At all times hereinafter mentioned, the acts, omissions and misrepresentations of the defendants above described were done deliberately and with knowledge that plaintiff's rights would be abandoned and with intent to compromise her rights thereby benefiting defendant by inducing plaintiff to reserve and pay for a room at the subject hotel.

55. That defendant "MII" has engaged in this fraudulent activity of generally attempting to limit its liability by misrepresenting and hiding the background, make up and secret corporate configurations of its hotels including the subject St. Kitt's Hotel and has been aware for years that their false advertising and misrepresentations would have the effect of inducing customers like plaintiff to vacation in their distant hotels like the St. Kitt's Hotel under the false belief that defendant "MII" would stand behind the St. Kitt's Hotel as well as its other hotels should a customer like plaintiff become injured due to negligence.

56. That the officers and/or directors of defendant "MII" authorized, participated, consented to, ratified and encouraged the conduct complained of herein which gives rise to the damages alleged all with the intent of obtaining financial gain and profit, and denying plaintiff those benefits which she thought she was paying for by staying at a Marriott Hotel.

**WHEREFORE,** plaintiff demands monetary judgment against the defendant in an amount to be determined upon the trial of this action, together with the costs and disbursements of the within action.

Dated:  New York, New York
        May 12, 2015

>                       SALZMAN & WINER, LLP.
>                       Attorneys for Plaintiff
>                       305 Broadway, Suite 1204
>                       New York, New York 10007
>                       (212) 233-6550
>
>                       By: _____
>                            Harvey A. Winer, Esq.

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

     I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am a partner of the firm of SALZMAN & WINER, LLP., the attorneys of record for the plaintiffs in the within action; I have read the foregoing

### SUMMONS and VERIFIED COMPLAINT

     and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true. The reason this verification is made by me and not by plaintiff is that deponent maintains offices outside the County in which plaintiff resides.

     The grounds of my belief as to all matters not stated upon my own knowledge are as follows: entire file maintained in your deponent's offices; investigations, etc.

     I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
          May 12, 2015

                                                _____
                                                Harvey A. Winer, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X      **Index No.: 14-CV-5960 (SLT)(MDG)**
VERONICA BROWN,

                        Plaintiff,

    -against-

MARRIOTT INTERNATIONAL, INC.,


                        Defendant.
-------------------------------------------------------------X


========================================================
**SUMMONS and VERIFIED COMPLAINT**
========================================================




*SALZMAN & WINER, LLP.*
Attorneys for Plaintiff
305 Broadway, Suite 1204
New York, New York 10007
Tel: (212) 233-6550