## THE LAW OFFICES OF
## SALZMAN & WINER, LLP.

### 305 BROADWAY, SUITE 1204
### NEW YORK, NY 10007

ALAN CHESTER SALZMAN
HARVEY WINER
hwiner@salzmanwiner.com

TEL: (212) 233-6550
FAX: (212) 233-6714

MITCHELL G. SHAPIRO
mshapiro@salzmanwiner.com

May 18, 2015

<u>**VIA ECF**</u>

Justice Sandra L. Townes, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Brown v. Marriott International, Inc.
Docket No.: 14 CV 5960 (SLT)(MDG)
Handling Attorneys: Alan C. Salzman, Mitchell G. Shapiro and Harvey Winer

Dear Judge Townes:

We represent the plaintiff; this is a request for a pre-motion conference on a discovery issue. We emailed defendant in an attempt to work out our differences and he responded that it would not be possible.

By letter dated 4/30/15, which we already filed in connection with a recent application to Judge Townes (annexed hereto with the exhibits), we outlined the discovery issues. Judge Townes by order dated 5/5/15 filed 5/7/15 directed us to you.

The documents that we demanded all were requested in contemplation of defendant's request to make a forum non conveniens motion to dismiss. Judge Townes had allowed us to amend our complaint to drop the St. Kitt's defendant and have only Marriott International Inc. remain, with leave to add allegations of agency and estoppel. Judge Townes also denied defendant request for a pre-motion conference on the forum non conveniens motion without prejudice to renew after we amend the complaint.

Our claims here are that the defendant Marriott International Inc. exercises dominion and control over the hotel in St. Kitt's—and disclosure of the documents we demand will aid us in defeating a forum non conveniens motion (defendant seeks to transfer venue to St. Kitt's).

Justice Sandra L. Townes, U.S.D.J.
United States District Court
Re: Brown v. Marriott International, Inc. (Docket No.: 14CV 5960 (SLT)(MDG)
May 18, 2015

Page 2


   Of course we cannot predict whether the forum non conveniens motion will actually be made or when—but we are trying to be proactive.

         Very truly yours,
         SALZMAN & WINER, LLP.


         Alan C. Salzman, Esq.


ACS/mc
Encl.


cc: Daniel M. Stewart
  WHITE FLEISCHNER & FINO, LLP.
  Attorneys for Defendant
  61 Broadway
  New York, NY 10006

# THE LAW OFFICES OF
# SALZMAN & WINER, LLP.
305 BROADWAY, SUITE 1204
NEW YORK, NY 10007

ALAN CHESTER SALZMAN
HARVEY WINER
hwiner@salzmanwiner.com

TEL: (212) 233-6550
FAX: (212) 233-6714

MITCHELL G. SHAPIRO
mshapiro@salzmanwiner.com

April 30, 2015

**VIA ECF**

Justice Sandra L. Townes, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: Brown v. Marriott International, Inc.
      Docket No.: 14 CV 5960 (SLT)(MDG)
      Handling Attorneys: Alan C. Salzman, Mitchell G. Shapiro and Harvey Winer

Dear Judge Townes:

      We represent the plaintiff, and must respond to defendant's 4/30/15 letter insofar as it makes arguments in connection with their request for a conference on their motion to dismiss based on forum non conveniens, while at the same time ultimately consenting to our proposed amendment.

      We served a notice for discovery of documents dated 3/4/15 (Exhibit "A") which was filed with this court, consisting of 32 demands. Defendant in a response dated 4/2/15 (Exhibit "B" without exhibits) essentially provided only 3 documents and objected to every other demand.

      Our demands go to the essence of our claim herein that defendant Marriott International Inc., is intimately involved with the ownership, maintenance, supervision and general management of the subject Marriott Hotel in St Kitts. They hide behind corporate veils that we seek to pierce.

      They are all insured by the same American Home Assurance Co. insurance policy (a division of AIG). Defense did provide the insurance policy as Exhibit C to his response and the "declaration" page is attached hereto (Exhibit "C") confirming that the Royal St. Kitts Marriott and Marriott International Inc. are covered under the same policy, along with other St. Kitts entities. This further substantiates that it is merely paperwork and not substance that separates these entities.

Justice Sandra L. Townes, U.S.D.J.
United States District Court
Re: Brown v. Marriott International, Inc. (Docket No.: 14CV 5960 (SLT)(MDG)
April 30, 2015

Page 2

There should be no impediment to the carrier settling this case in New York for the true value of this personal injury case, since the same insurance carrier will pay whether the case is pending in Brooklyn or St. Kitts. The contemplated forum non conveniens motion is just an attempt by defense to frustrate plaintiff in her quest for fair compensation for her injuries sustained due to the hotel's negligence, by transferring the case to a venue that will only deprive plaintiff of any chance of being made whole. The carrier would rather pay defense counsel attorney fees, than attempt to settle this case in good faith.

In order to have a chance to successfully oppose any contemplated forum non conveniens motion, we would need the court to compel defendant to respond to our demands. A pre-motion conference on this discovery issue may also be required and is hereby requested.

In an age of transparency, Marriott International Inc. has cloaked itself behind agreements totally unknown to the general public. Ms. Brown chose the St. Kitt's Marriott Hotel strictly because of the Marriott name and its stature as an Hotelier. For Marriott International, Inc. to seek removal of this case to St. Kitt's would be against the general interests of the New York public. Certainly if Ms. Brown was aware that Marriott International, Inc. would not stand behind its name, she might have chosen a different and far less expensive Hotel.

In essence Marriott International is looking at plaintiff Ms. Brown with a jaundiced eye and saying "I fooled you" – you thought you were staying at a Marriott Hotel but you were not.

Very truly yours,
SALZMAN & WINER, LLP.

Harvey A. Winer, Esq.

MGS/mc
Encl.

cc:   Daniel M. Stewart
      WHITE FLEISCHNER & FINO, LLP.
      Attorneys for Defendant
      61 Broadway
      New York, NY 10006



UNITED STATES DSITRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X          Index No.: 1:14-cv-05960-SLT-MDG

VERONICA BROWN,

                           Plaintiff,          **NOTICE FOR
DISCOVERY
AND INSPECTION**

        -against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                         Defendants.
————————————————————X

**COUNSELORS:**

      Pursuant to FRCP Rule 34 you are requested to produce the following documents:

      1.      Listing of names of officers and directors of Marriott International Inc. (MII), Royal St. Kitt's Beach Resort Ltd. (RSK) and Luxury Hotels International Management St. Kitt's Ltd. (LHI) as of July 2013.

      2.      Liability insurance policies covering personal injury accidents that accrued in July 2013 issued in favor of MII, RSK and LHI.

      3.      By laws of MII, RSK and LHI in effect July 2013.

      4.      Print, media, internet, television, and other advertising touting RSK or the St. Kitt's Marriott Resort Hotel as a vacation destination, published or made available in the City of New York January 2013 through June 2013.

      5.      Deed or lease to in effect July 2013 applicable to the St. Kitt's Marriott Hotel property.

      6.      Franchise agreements and licensing agreements between MII and RSK in effect July 2013.

      7.      Pictures depicting the subject St. Kitt's Marriott Resort Hotel taken January 2013 through July 2013 showing the lobby (and all signage), the entrance way (all signage) and all signs containing the "Marriott" name.

      8.      Rules of operation of RSK and LHI in effect July 2013.

      9.      Rules and Regulations of RSK or St. Kitt's Marriott Resort Hotel in effect July 2013 as to

maintenance and up keep of the guest rooms including the air conditioners.

10.     Personnel policies of RSK and MII including names of hiring officers and their employer's name January 2013 to June 2013.

11.     Documents revealing who paid the advertising budget of RSK or for the St. Kitt's Marriott Hotel January 2013 to July 2013.

12.     Print out of venues and index numbers of all personal injury cases in the United States and Federal Courts wherein defendant MII, and RSK or LHI are named defendant's for accidents that accrued January 1, 2010 through July 1, 2013.

13.     Names and addresses of accountants for MII, RSK, and LHI for tax years 2010, 2011, 2012 and 2013.

14.     Tax forms showing gross Revenue for RSK in 2012 and 2013, and the portion if any paid to defendant MII.

15.     Any notices, publications, disclaimers or information issued to guests or prospective guests in 2012 and 2013 at the St. Kitt's Marriott Resort, indicating that Marriott International Inc., does not own, operate or manage the St. Kitt's Marriott Resort and the Royal Beach Casino.

16.     The Marriott International Inc. 2012 and 2013 annual report to the Securities and Exchange Commission.

17.     The Marriott International, Inc. 2012 and 2013 annual report to shareholders.

18.     Listing of how many of Marriott International, Inc. Hotels are wholly owned by Marriott International, Inc.

19.     Listing of Marriott International Inc. hotels that were managed by Marriott International Inc., in 2011, 2012, and 2013.

20.     Disclaimers published by MII in 2011, 2012, and 2013 indicating that MII is not responsible for accidents that occur at the St. Kitt's Marriott Hotel property.

21.     Listing of any subsidiary Marriott Corporation entities that are involved at or associated with the St. Kitt's Hotel, other than Marriott International, Inc.

22.     Documents showing when Veronica Brown, paid her Hotel bill at the St. Kitt's Marriott Hotel in July 2013/or whose account said payment was credited to.

23.     Any publication, literature or any other information given to the general public by Marriott International, Inc. that notifies its guests at the St. Kitt's Marriott Hotel, that in the event of an accident causing injury at said Hotel, the guests would be required to bring a legal proceeding in St. Kitt's, and would be barred from bringing a proceeding in the United States in the jurisdiction in which they reside.

24.     Documents showing the gross revenues for Marriott International, Inc. for the tax years 2012 and 2013.

25.     List of all Hotels that Marriott International Inc. has under its umbrella.

26.     List of countries in which Marriott International Inc. operates Hotels.

27.     Records of maintenance performed July 2011 through August 2013 at the St. Kitt's Marriott Hotel Room 455, regarding the air conditioning or the air conditioning vents.

28.     Documents showing from July 2011 to July 2013 how many times did maintenance at the St. Kitt's Marriott Hotel fix any air conditioner or air conditioning vent in any room at said St. Kitt's Marriott Hotel.

29.     St. Kitt's Marriott Hotel floor plans showing number of guests rooms in 2012 and 2013.

30.     The names and addresses of all corporations or other entities who by contractual relationships either oral or written pay money to Marriot International, Inc. for operations at the St. Kitt's Marriott Resort.

31.     Samples of Stationary provided to guests at the St. Kitt's Marriott Hotel in 2012 and 2013.

32.     Copy of ad in the St. Kitt's phone directory for the St. Kitt's Marriott Hotel in the 2011, 2012 and 2013 books.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing is a continuing Demand. If any of the above demanded items are obtained subsequent to the service of this Notice, said items are to be furnished to the undersigned whenever obtained, but in any event, no less than (30) days prior to the trial of this action.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this Notice, a motion will be made to the Court for appropriate sanctions, including but not limited to the striking of pleadings.

Dated:  New York, New York
       March 4, 2015

Yours, etc.,

_____
Mitchell G. Shapiro, Esq.
SALZMAN & WINER, LLP.
Attorneys for Plaintiff
305 Broadway, Suite 1204
New York, New York 10007
(212) 233-6550

TO:    Daniel M. Stewart, Esq.
       White, Fleischner & Fino, LLP.
       Attorneys for Defendant
       Marriott International Inc.
       61 Broadway
       New York, NY 10006
       (212) 487-9700
       File No: 105-18017

UNITED STATES DSITRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X          Index No.: 1:14-cv-05960-SLT-MDG
VERONICA BROWN,

                              Plaintiff,

        -against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                              Defendants,
————————————————————————X

## NOTICE FOR DISCOVERY AND INSPECTION

**SALZMAN & WINER, LLP.**
*Attorneys for Plaintiff*
305 Broadway, Suite 1204
New York, New York 10007
Tel: (212) 233-6550

# *Exhibit "B"*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

VERONICA BROWN,                                          Docket No.:
                                                            14 CV 5960 (SLT)
                                Plaintiff,

        -against-

ST. KITTS MARRIOTT RESORT AND THE
ROYAL BEACH CASINO and MARRIOTT
INTERNATIONAL, INC.,

                                Defendants.
————————————————————X

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S
## SUPPLEMENTAL NOTICE FOR DISCOVERY AND INSPECTION DATED
## MARCH 4, 2015

        By and through their undersigned counsel, MARRIOTT INTERNATIONAL, INC.

("Defendant") hereby responds and objects to plaintiff's Supplemental Notice for Discovery

and Inspection as follows:

### GENERAL OBJECTIONS

        Defendant makes the following General Objections to the Notice.  Because these

General Objections apply to each and every document request and interrogatory, they are for

convenience set forth immediately below.  The assertion of the same, similar, or additional

objections in response to specific document requests does not waive or modify any of the

General Objections set forth below.  Documents that fall within any of the categories of the

General Objections will not be produced.

        1.      Defendant objects to the Notice on the grounds that it is in an improper form.

Solely for the purposes of these Response and Objections, Defendant will respond to each

request in the Notice as it if were a properly served and formatted demand.

2.    Defendant objects to the Notice on the grounds and to the extent that it seeks information that is irrelevant to the claims asserted against Defendant in Plaintiff's Complaint, and is not reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendant objects to the Notice on the ground and to the extent that it seeks the disclosure of information that is subject to the attorney-client, legal-professional, or joint or common defense privileges, the attorney work product protection, or any other applicable privileges or protections. Any inadvertent disclosure of any such material should not be deemed a waiver of any objection.

4.    Defendant objects to the Notice on the grounds and to the extent it seeks disclosure of confidential, proprietary, or sensitive business information and/or documents protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

5.    Defendant objects to the Notice on the grounds and to the extent that it purports to impose obligations on Defendant beyond the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Eastern District of New York.

6.    Defendant objects to the Notice on the grounds and to the extent that it is unduly burdensome, oppressive, and/or vexatious.

7.    Defendant objects to the Notice on the grounds and to the extent that it is vague, ambiguous, or does not specific the information sought with sufficient particularity.

8.    Defendant objects to the Notice on the grounds and to the extent that it seeks information equally available to, or already known to, Plaintiff.

9.      Defendant objects to the Notice on the ground and to the extent that it seeks documents outside the possession, custody, or control of Defendant.

10.     Defendant objects to each request to the extent that it is repetitive or cumulative of other requests.

11.     Defendant objects to the Notice on the grounds and to the extent that it improperly seeks to elicit legal conclusions.

12.     Defendant objects to each request to the extent that it does not set forth a reasonable time period to which the request relates on the grounds that such requests are overly broad and unduly burdensome and seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

13.     Defendant reserves all rights to object to the use of any responses herein in any subsequent proceedings, including the trial of this or any other action.  To the extent Defendant produces documents in response to the Notice, Defendant does not concede that the documents requested are relevant to this action, and Defendant preserves all objections as to competency, relevancy, materiality, and admissibility.  Defendant makes their responses to these requests based on their present knowledge and expressly reserve the right to object to further discovery into the subject matter of any of the requests and the right to supplement their responses if and when they become aware of additional information.

14.     Defendant objects to each request to the extent that it requests all documents "concerning" a specific topic on the grounds that such a request is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Defendant agrees to disclosure information in response to specific requests not otherwise

objectionable.  Defendant will produce such documents that refer or relate in a reasonably direct manner to the specified topic.

15.     Defendant objects to each request to the extent that it requests "all" documents relating to a specific topic, on the grounds that such a request is overly broad and unduly burdensome, and imposes an excess discovery burden on the Defendant.

16.     Defendant objects to the definition of "document," "documents," record," and "records" on the ground that they are vague, ambiguous, overly broad, unduly burdensome, and seek information not reasonably calculated to lead to the discovery of admissible evidence.

17.     Defendant objects to Plaintiff's definition of "person" on the grounds and to the extent that it is overly broad, unduly burdensome, vague, and ambiguous in that it purports to encompass natural persons and business entities which are not parties to this action.

18.     Defendant objects to the production of any documents falling within one of the General Objections above or specific objections set forth below.  In the event that documents falling within the scope of an objection are produced by Defendant, this production is inadvertent and does not constitute a waiver of the objection.

## RESPONSES TO SPECIFIC DEMANDS

1.     Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, and seeking information and documents from entities that are not parties to the lawsuit.  Defendant further objects as Plaintiff's demand seeks information which is not reasonably tailored to lead to admissible evidence that is relevant to the allegations of Plaintiff's complaint.  Defendant objects to Plaintiff's demand for information and records of

foreign entities who are not related to, or under the control of defendant.  Without waiving those objections, see attached **Exhibit "A"**, marked as Confidential, and Bates-Stamped MI-00089- MI-00091.

      2.      Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, seeking information and documents from entities that are not parties to the lawsuit.  Further Defendant objects as Plaintiff's demand seeks information which is not reasonably tailored to lead to admissible evidence that is relevant to the allegations of Plaintiff's complaint. Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of defendant.  Without waiving those objections, see attached **Exhibit "C"**, Bates-Stamped MI-00193 to MI-00252.

      3.      Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, seeking information and documents from entities that are not parties to the lawsuit.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

      4.      Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, and seeking information and documents from entities that are not parties to the lawsuit.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant. Further Defendant objects as Plaintiff's demand seeks information within the public realm, which Plaintiff can obtain on her own.

      5.      Defendant objects to Plaintiff's demand for the "deed" as defendant does not own the subject property or premises.  Defendant further objects as Plaintiff seeks documents or records that are filed with the sovereign government of St. Kitts and Nevis.  Defendant

objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant

6.     Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, seeking information and documents from entities that are not parties to the lawsuit.  Further Defendant objects as Plaintiff's demand seeks information which is not reasonably tailored to lead to admissible evidence that is relevant to the allegations of Plaintiff's complaint.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.  Without waiving those objections, there is no such agreement.  Plaintiff is referred to Defendant's initial Rule 26 disclosure dated March 19, 2015.

7.     Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, and seeking information and documents from entities that are not parties to the lawsuit.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.  Without waiving those objections, Defendant has no pictures that are responsive to Plaintiff's demand.

8.     Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, and seeking information and documents from entities that are not parties to the lawsuit.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

9.     Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, seeking information and documents from entities that are not parties to the lawsuit.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.  Defendant further objects

to Plaintiff's demand for "rules and regulations" as vague, overbroad, and lacking foundation.

10. Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, seeking information and documents from entities that are not parties to the lawsuit. Defendant objects as Plaintiff's demand seeks information which is not reasonably tailored to lead to admissible evidence that is relevant to the allegations of Plaintiff's complaint. Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant. Without waiving those objections, Plaintiff is referred to Defendant's initial Rule 26 Disclosure.

11. Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, seeking information and documents from entities that are not parties to the lawsuit. Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

12. Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, and seeking information and documents from entities that are not parties to the lawsuit. Defendant further objects as the information requested by Plaintiff is readily obtainable by Plaintiff, who can easily perform her own Litigation Search.

13. Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, and seeking information and documents from entities that are not parties to the lawsuit. Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

14. Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, and seeking information and documents from entities that are not parties to the

lawsuit.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

15.     Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, seeking information and documents from entities that are not parties to the lawsuit.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

16.     Defendant objects to Plaintiff's demand as overbroad and unduly burdensome. Without waiving that objection, see attached **Exhibit "B"**, Bates-Stamped MI-00092 to MI-00192.

17.     Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, and not tailored to lead to relevant admissible evidence.  Without waiving those objections, See **Exhibit"B."**

18.     Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, and not tailored to lead to relevant admissible evidence.

19.     Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, seeking information and documents from entities that are not parties to the lawsuit.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

20.     Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as vague and overbroad, and not tailored to lead to relevant admissible evidence.

21.     Luxury Hotels International Management St. Kitts Ltd., is an indirect wholly owned subsidiary of Marriott International.  Plaintiff is further referred to Defendant's initial Rule 26 Disclosure, dated March 19, 2015.

22.   Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, seeking information and documents from entities that are not parties to the lawsuit.  Further Defendant objects as Plaintiff's demand seeks information which is not reasonably tailored to lead to admissible evidence that is relevant to the allegations of Plaintiff's complaint.  Without waiving those objections, Plaintiff is referred to Defendant's Initial Rule 26 Disclosures dated March 19, 2015.

23.   Defendant objects to Plaintiff's demand as overbroad and vague.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

24.   Defendant objects to Plaintiff's demand as overbroad and not tailored to lead to relevant admissible evidence.  Without waiving those objections, Plaintiff is referred to **Exhibit "B."**

25.   Defendant objects to Plaintiff's demand as overbroad, vague, and not tailored to lead to relevant and admissible evidence.

26.   Defendant objects to Plaintiff's demand as overbroad, vague, and not tailored to lead to relevant and admissible evidence.

27.   Defendant objects to Plaintiff's demand as overbroad and unduly burdensome.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

28.   Defendant objects to Plaintiff's demand as overbroad and unduly burdensome.  Defendant further objects to Plaintiff's demand as seeking documents, records, and information which are not reasonably tailored to lead to admissible evidence in accordance with the allegations of Plaintiff's complaint.  Defendant objects to Plaintiff's demand for

information and records of foreign entities who are not related to, or under the control of Defendant.

29.   Defendant objects to Plaintiff's demand as overbroad and unduly burdensome. Defendant further objects to Plaintiff's demand as seeking documents, records, and information which are not reasonably tailored to lead to admissible evidence in accordance with the allegations of Plaintiff's complaint.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

30.   Pursuant to Rule 34(b)(2)(C), Defendant objects to Plaintiff's demand as overbroad, seeking information and documents from entities that are not parties to the lawsuit.  Defendant further objects as Plaintiff's demand seeks information which is not reasonably tailored to lead to admissible evidence that is relevant to the allegations of Plaintiff's complaint. Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

31.   Defendant objects to Plaintiff's demand as overbroad and unduly burdensome. Defendant further objects to Plaintiff's demand as seeking documents, records, and information which are not reasonably tailored to lead to admissible evidence in accordance with the allegations of Plaintiff's complaint.  Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

32.   Defendant objects to Plaintiff's demand as overbroad and unduly burdensome. Defendant further objects to Plaintiff's demand as seeking documents, records, and information which are not reasonably tailored to lead to admissible evidence in accordance

with the allegations of Plaintiff's complaint.   Defendant objects to Plaintiff's demand for information and records of foreign entities who are not related to, or under the control of Defendant.

Please be advised that Defendant reserves the right to supplement an augment these responses as discovery continues, in accordance with the Federal Rules of Civil Procedure.

Dated: New York, New York
        April 2, 2015

                                         WHITE FLEISCHNER & FINO, LLP

                                         By: _____

                                             Daniel M. Stewart
                                             Attorneys for Defendant
                                             MARRIOTT INTERNATIONAL, INC.
                                             61 Broadway - 18th Floor
                                             New York, New York 10006
                                             (212) 487-9700
                                             Our File No.: 105-18017

TO:     (See Attached Affidavit)



OCCURRENCE BASED COVERAGE

American Home Assurance Company
Executive Offices:
175 Water St. New York, NY 10038

**DECLARATIONS**

POLICY NUMBER: 03-1742

RENEWAL OF POLICY NO.: 03-1884

**ITEM 1.   NAMED INSURED:**

Royal St. Kitts Golf Club, St. Kitts Marriott Resort & The Royal Beach Casino, Marriott St. Kitts Beach Club and Marriott International, Inc.

NAMED INSURED'S ADDRESS (including country):
Frigate Bay Road, Frigate Bay, St. Kitts West Indies, St. Kitts & Nevis

☐ Individual
☐ Partnership
☒ Corporation
☐ Joint Venture
☐ Other:

BUSINESS DESCRIPTION OF THE NAMED INSURED:
Lodging, Hospitality, Contract Services, Contract Catering and Other Business Activities

Dollar amounts are:   ☒ US Dollars      ☐ Canadian Dollars

Locations of all Premises you Own, Rent, or Occupy:   Frigate Bay Road, Frigate Bay, St. Kitts, West Indies, St. Kitts & Nevis

**ITEM 2.   POLICY PERIOD (m/d/y):**   From:  October 1, 2012  To:   October 1, 2013

(12:01 a.m. Standard Time at the address set forth above)

**ITEM 3.   LIMITS OF INSURANCE:**   In consideration of receipt of the full premium, and subject to all the terms, conditions, and exclusions of this policy, we agree to provide the following limits:

| | |
|---|---|
| Master Control Program Aggregate: | |
| General Aggregate Limit (Other Than Prod-Comp Operations): | Not Applicable |
| Products-Completed Operations Aggregate Limit: | Not Applicable |
| Personal & Advertising Injury Limit: | $3,000,000 |
| Each Occurrence Limit: | $3,000,000 |
| Medical Expense Limit: | $3,000,000 |
| Damage To Premises Rented To You Limit: | $10,000 |

**ITEM 4.   PREMIUM:**   $3,000,000

| Exposure | Premium Basis | Rate | Premium |
|---|---|---|---|
| General Liability/Auto | Revenues/# of Units | Flat Charge | |
| | | Total Premium Payable at Inception: | REDACTED |
| | | Minimum Earned Premium: | |

In Case of Loss, Notify:
WorldSource Claims
E-mail: worldsourceim/claimsreporting@chartisinsurance.com
Web: http://www.chartisinsurance.com/wsclaimsreporting
Fax: +1 212 881 9002

Broker's Name & Address:
CGM Insurance Brokers
(Barbados) Ltd.
Haggatt Hall, St. Michael
Bridgetown, Barbados, West
Indies BB11059

Commission:
Included

AUTHORIZED REPRESENTATIVE

77881 (12/09)

Page 1 of 1

MI -00193