**WHITE FLEISCHNER & FINO, LLP**

61 BROADWAY, NEW YORK, NY 10006
T 212.487.9700   F 212.487.9777   WWW.WFF-LAW.COM

June 2, 2015

**VIA ECF**

Justice Sandra L. Townes, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Brown v. Marriott International, Inc.
      **Docket No.: 14 CV 5960 (SLT)(MDG)**
      Our File No.: 105-18017
      Handling Attorneys:  Paul A. Fino, Jr. and Daniel M. Stewart

Dear Judge Townes:

My office represents defendant Marriott International, Inc. ("Marriott"), in the above-referenced matter. This letter is to request a pre-motion conference according to Rule III(A) of the Court's individual motion practices and Rules based upon Marriott's intention to file a Motion to dismiss under FRCP 12(b)(6), 12(b)(7), 19(b), and pursuant to the doctrine of *forum non conveniens*.

In short summary, plaintiff claims she was injured while she was a guest at a hotel in St. Kitts that is owned and operated by companies organized and existing under the law of St. Kitts. Marriott entered into an agreement with the hotel such that Marriott's name and trademark could be used. Plaintiff recently amended her complaint to include new causes of action, but as set forth below, plaintiff's pleadings are insufficient and not adequately supported. Ashcroft v. Iqbal, 556 US 662, 678 (2009) (complaint must include sufficient facts to state a claim that is plausible on its face) (internal citations omitted).

Plaintiff's first cause of action includes allegations that are arguably related to other causes of action within the complaint. However, it appears based upon plaintiff's labeling that the first cause of action is based in negligence. Marriott previously provided plaintiff with documents demonstrating that the hotel in St. Kitts (a sovereign nation) is owned by a corporation formed under the laws of St. Kitts, and managed by a corporation that is also organized under the laws of St. Kitts. Plaintiff's amended complaint, which includes neither of those entities, appears to be a tacit acknowledgement that she cannot obtain jurisdiction over those entities, resulting in the new theories of agency and equitable estoppel against Marriott. However, the fact that Marriott will be unable to implead the St. Kitts entities who own and operate the subject hotel, is grounds for Marriott's intended motion to dismiss pursuant to FRCP 12(b)(7) and 19(b).

Plaintiff's second cause of action is based on the theory of agency. In this regard, plaintiff has made nothing but conclusory statements regarding an alleged agency relationship between the St. Kitts companies that own and operate the hotel, and Marriott. Indeed, plaintiff's complaint contains general allegations to support an agency theory, including that the St. Kitts entities were alter egos of Marriott; that the entities had common officers and directors; and that the St. Kitts entities were agents of Marriott. Yet plaintiff provides not a single document, record or other hint

A NEW YORK LIMITED LIABILITY PARTNERSHIP

HOLMDEL, NEW JERSEY   •   WHITE PLAINS, NEW YORK   •   GARDEN CITY, NEW YORK
PHILADELPHIA, PENNSYLVANIA   •   BOCA RATON, FLORIDA
LONDON, ENGLAND

Justice Sandra L. Townes, U.S.D.J.
Re:    Brown v. Marriott International, Inc.(**Docket No.: 14 CV 5960 (SLT)(MDG)**
June 2, 2015
Page 2

of proof to support these allegations, despite being provided with the list of Marriott's directors and officers, as well as Marriott's 2013 annual report. This lack of factual assertions is fatal to plaintiff's theory. See <u>DeJesus v. Sears, Roebuck & Co</u>, 87 F 3d 65, 70 (2d Cir. 1996). Plaintiff's bare allegation that Marriott controls one or both of the St. Kitts entities is insufficient to support their theory in this regard. <u>Neubauer v. Eva-Health USA,</u> 158 FRD 281, 285 (SDNY 1994); <u>Coraggio v. Time Inc.,</u> 1995 U.S. Dist. LEXIS 5399, *8-9 (SDNY 1995).

Plaintiff's third cause of action is based upon equitable estoppel. In support of that claim, plaintiff alleges that she relied upon Marriott's "promotions, advertisements, representations, commercials, brochures, internet sites, stationary, slogans, and signs" when she made her travel reservations for St. Kitts. Noticeably absent from plaintiff's complaint are any of these materials that she allegedly relied upon. To the contrary, Marriott's website, including the website that is specific to the St. Kitts location, indicates that "Hotels shown on Marriott.com may be operated under a license from Marriott International, Inc. or one of its affiliates." Plaintiff's failure to provide any support for the conclusory allegations in her complaint regarding the alleged misrepresentation is fatal to her cause of action under equitable estoppel. Further, a critical element to establish equitable estoppel is that plaintiff was prejudiced as a result of the misrepresentation. Assuming plaintiff can prove that there was misrepresentation, her complaint fails to indicate how she was prejudiced. For these reasons, the equitable estoppel cause of action must be dismissed.

Even though it seems to be more applicable to the agency theory, plaintiff's equitable estoppel claim includes a statement that the Court should pierce the corporate veil. Putting aside for the moment that such an analysis would have to be done according to the laws of St. Kitts (<u>Ft. Howard Paper Co. v. William D. Witter Inc.</u>, 787 F.2d 784 (2d Cir. 1986)), plaintiff has offered no basis for the Court to disregard the corporate form of Marriott or the separately-formed St. Kitts' companies.

Plaintiff's fourth cause of action is based on fraud. Plaintiff again states generally and in a conclusory fashion that Marriott engaged in misrepresentation with its advertising for the St. Kitts location, but again fails to provide any support for these claims. Under New York's pleading requirements, plaintiff's cause of action fails to meet the higher standard required by CPLR §3016(b), nor does it meet the pleading requirements of FRCP 9(b).

Even if it can be held that plaintiff properly makes out a claim for fraud, one of the elements she must establish is that she suffered damage as a result of her reliance on the fraudulent statements. Plaintiff's complaint seems to imply that she will be unable to seek recompense for her physical injuries, if Marriott's intended motion to dismiss based upon *forum non conveniens* is eventually granted.[1] Plaintiff's baseless contention is belied by any legal analysis on whether St. Kitts does or does not provide an available alternative forum for plaintiff to seek redress for her injuries.

---

[1] Marriott previously advised the Court of its intention to move for dismissal based upon *forum non conveniens* as the entities that own and operate the hotel are St. Kitts corporations.

Justice Sandra L. Townes, U.S.D.J.
Re:   Brown v. Marriott International, Inc.**(Docket No.: 14 CV 5960 (SLT)(MDG)**
June 2, 2015
Page 2

Indeed, St. Kitts has been found by United States courts to be an available and alternative forum for plaintiff's personal injury claims. Clarke v. Marriott International, Inc., 213 U.S. Dist. LEXIS 125963 (DVI 2013) (St. Kitts is an alternative available forum, though the motion was denied because discovery was largely complete when the motion was made); Sevison v. Cruise Ship Tours, 1997 U.S. Dist. LEXIS 12728 (DVI 1997).

Finally, plaintiff's fifth cause of action is for punitive damages. Yet again, plaintiff's cause of action in this regard is littered with conclusory statements of Marriott's "wanton, reckless and malicious" conduct. Once again, plaintiff's complaint contains no proof whatsoever of any such conduct. Notably, plaintiff's complaint includes the allegation that she was denied "those benefits which "she thought she was paying for by staying at a Marriott hotel," with no indication of the benefits in question.

The Kittian companies and their employees who own and operate the hotel facility are not subject to the jurisdiction of this Court. The Federation of St. Kitts & Nevis is a sovereign country with its own justice system, and as indicated above, U.S. District Courts have previously found that the Federation provides an available alternative forum for litigation in the context of a *forum non conveniens* analysis. As such, defendants intend to file a motion to dismiss the case based on *forum non conveniens*, as the proper venue for plaintiff's claims is in the Federation of St. Kitts & Nevis, and pursuant to Rule 19(b), for the inability to join indispensable parties.

For all the foregoing reasons, Marriott International wishes to file a motion for dismissal in the present case, and respectfully requests a pre-motion conference with Your Honor to discuss these issues.

Respectfully submitted,

WHITE FLEISCHNER & FINO, LLP

Daniel M. Stewart
dstewart@wff-law.com

DMS/jb

cc:   Mitchell G. Shapiro
      Salzman & Winer, LLP
      Attorneys for Plaintiff
      305 Broadway – Suite 1204
      New York, New York 10007