WHITE FLEISCHNER & FINO, LLP          61 BROADWAY, NEW YORK, NY 10006
                                      T 212.487.9700   F 212.487.9777   WWW.WFF-LAW.COM

June 15, 2015

**VIA ECF**

Magistrate Judge Marilyn Go
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Brown v. Marriott International, Inc.
        **Docket No.: 14 CV 5960 (SLT)(MDG)**
        Our File No.: 105-18017

Dear Judge Go:

We represent Defendant Marriott International, Inc. ("Marriott") in the above-referenced matter, and submit this letter in response to plaintiff Veronica Brown's letter of June 8, 2015.

Before reaching plaintiff's specific arguments for each of its demands, Marriott notes that plaintiff's demands for documents and information from Royal St. Kitt's Beach Resort Ltd. ("RSK") are improper, because Marriott does not have any ownership interest in RSK, nor is there privity between Marriott and RSK. RSK is a company formed and existing under the laws of the country of St. Kitts & Nevis. Marriott is under no duty to produce documents in RSK's possession. See Gerling Int'l Ins. Co. v. Commissioner, 839 F.2d 131, 140 (3d Cir. 1988).

Second, plaintiff has not cited any legal authority whatsoever for any of her demands, most of which are patently overbroad, vague, or completely irrelevant to her claims for a defective condition in a hotel in the country of St. Kitts & Nevis.

Third, many of plaintiff's demands demonstrate that she has done little or no due diligence of her own, and instead is relying on a fishing expedition to gather information that may or may not be helpful for her claims (to say nothing of admissibility issues). As just one example, property deeds are a matter of public filing in St. Kitts & Nevis. Plaintiff has not given any indication of even minimal effort to obtain the deed for the subject property, yet expects Marriott to provide it in response to plaintiff's demand #5. Plaintiff's lack of due diligence is similar to that of the plaintiff in Lituma v. United States, 2005 U.S. Dist. LEXIS 14668, *5 (SDNY 2005), where the Southern District dismissed plaintiff's case and in doing so, found no showing by the plaintiff or his attorneys that they "could not have conducted a factual investigation on their own to learn if there was any basis for their speculative scenario."

Fourth, plaintiff has offered no factual basis, nor legal authority, for its claims that the Court should ignore the corporate form of Marriott's indirect subsidiary, Luxury Hotels International St. Kitts Ltd. ("LHI"), and require Marriott to produce records and information generated by and

A NEW YORK LIMITED LIABILITY PARTNERSHIP

HOLMDEL, NEW JERSEY     •     WHITE PLAINS, NEW YORK     •     GARDEN CITY, NEW YORK
          PHILADELPHIA, PENNSYLVANIA     •     BOCA RATON, FLORIDA
                        LONDON, ENGLAND

Magistrate Judge Marilyn Go
June 15, 2015
Page 2

belonging to LHI. Each corporation is a separate and "distinct legal entity, with legal rights, obligations, powers, and privileges different from those of the [legal] individuals who created it, who own it, or whom it employs." Cedric Kushner Promotions Ltd. v. King, 533 U.S. 158, 163, 150 L.Ed.2d 198 (2001).

Fifth, Marriott has filed a request for a pre-motion conference to discuss Marriott's pre-answer motion to dismiss with Judge Townes, seeking leave to file a motion to dismiss pursuant to Rules 12(b)(6), 12(b)(7), 19(b), and pursuant to the doctrine of *forum non conveniens*. It is Marriott's position that the matter should be dismissed in favor of the alternative and available forum of St. Kitts & Nevis, before significant discovery has taken place in the case *sub judice*. The parties await Judge Townes' ruling on the conference and/or briefing schedule.

**Demand #1**: Marriott will provide the names of LHI's directors and officers within 10 days.

**Demand #2**: Moot as previously provided. Plaintiff's comment in their June 4 letter, about how the demand "should really be construed", speaks to the vague and ambiguous nature of this demand. A party should not have to read into and interpret another party's overbroad and vague demands.

**Demand #3**: Plaintiff gave no explanation of why the bylaws are relevant or necessary for her to establish any element of her claims.

**Demand #4**: Plaintiff has made no showing of even minimal due diligence to locate the information and records she seeks, through such means as archived media (newspapers, magazines, internet, etc.), belying her claim that "it would be impossible" for plaintiff to locate the information. See Lituma, supra. Even so, plaintiff has offered no legal authority for the proposition that by advertising for entity A, entity B assumes responsibility for entity A's alleged shortcomings.

**Demand #5**: As noted above, the deed which plaintiff seeks is a matter of public filing in St. Kitts & Nevis. Because Marriott does not own or lease the property, Marriott is unaware of the existence of any lease agreement for the property.

**Demand #6:** The management agreement[1] between LHI and RSK, which plaintiff has been provided, includes the terms under which Marriott allowed its name and trademark to be used at the subject hotel.

**Demand #7:** Moot as previously provided.

**Demand #8:** While the terms of plaintiff's demand – "rules of operation" – are vague and subject to varying interpretation, plaintiff has been provided with the management agreement for

---

[1] Marriott will provide the Court with a hard copy of the management agreement, Bates stamped MI-00001 to MI-00081, by messenger delivery.

Magistrate Judge Marilyn Go
June 15, 2015
Page **3**

the property which expressly describes LHI's contractual duties and responsibilities at the subject premises.

**Demand #9:** Moot as the management agreement for the property was previously provided.

**Demand #10:** Marriott objected because their "personnel policies … including names of hiring officers and their employer's name", are irrelevant to the hotel in St. Kitts & Nevis. Plaintiff was previously provided with the management agreement which expressly states that LHI has the responsibility to hire and employ workers at the hotel.

**Demand #11:** Similar to demand #4, plaintiff offers no legal authority for the argument that the entity who pays for or arranges for the advertising of another company, should bear responsibility for that other company's alleged negligence.

**Demand #12:** Plaintiff provides no explanation for why they cannot conduct a litigation search, nor any legal authority for the argument that Marriott should do it for them. Plaintiff's claim that they cannot limit the parameters of the search is belied by the undersigned's experience in using Lexis, Westlaw, and other available legal research tools.

**Demand #13:** Plaintiff offers no legal authority that multiple corporations' use of the same accounting firm proves that the corporations' "interests are intertwined." Regardless, assuming only for argument that plaintiff *was* entitled to this information, it is cumulative as Marriott has conceded that LHI is an indirect subsidiary.

**Demand #14:** Marriott has no way to know RSK's gross revenue. Plaintiff has the management agreement between RSK and LHI, which explains the terms of payment for LHI's services at the subject hotel. There is no agreement between RSK and Marriott, and therefore no payments from RSK to Marriott. Regardless, plaintiff offers no legal authority for the premise that the profit or loss from the subject facility is relevant to their claims.

**Demand #15:** Once again, plaintiff fails to cite any legal authority for their demand. There is no authority relied upon by plaintiff that a domestic company becomes responsible for a foreign company's alleged negligence, such that the "notices, publications, disclaimers" sought by plaintiff are relevant to her claims.

**Demand #16:** Moot as previously provided.

**Demand #17:** Moot as previously provided.

**Demand #18:** Plaintiff provides no legal authority that the information requested is relevant to this case, or that it would help prove any of her claims.

**Demand #19:** Plaintiff provides no legal authority that the information requested is relevant to this case, or that it would help prove any of her claims.

Magistrate Judge Marilyn Go
June 15, 2015
Page **4**

**Demand #20:** Plaintiff provides no legal authority that the information requested is relevant to this case, or that it would help prove any of her claims.

**Demand #21:** Moot as previously provided.

**Demand #22:** Moot as plaintiff was previously provided with the invoice or "folio" for her stay.

**Demand #23:** Plaintiff provides no legal authority that the information requested is relevant to this case, or that it would help prove any of her claims.

**Demand #24:** Moot as previously provided.

**Demand #25:** Plaintiff's demand, specifically "under its umbrella," is vague. Moreover, plaintiff provides no legal authority that the information requested is relevant to the case.

**Demand #26:** Plaintiff provides no legal authority that the information requested is relevant to this case, or that it would help establish any of her claims.

**Demand #27:** Plaintiff has been provided with the management agreement establishing that LHI manages the subject hotel, not Marriott. Plaintiff provides no legal authority that the Court should ignore LHI's corporate form and require Marriott to produce records or information that is generated by and for one of its indirect subsidiaries. See Cedric Kushner Promotions, supra.

**Demand #28:** Plaintiff has been provided with the management agreement establishing that LHI manages the subject hotel, not Marriott. Plaintiff provides no legal authority that the Court should ignore LHI's corporate form and require Marriott to produce records or information that is generated by and for one of its indirect subsidiaries. See Cedric Kushner Promotions, supra.

**Demand #29:** Plaintiff has been provided with the management agreement establishing that LHI manages the subject hotel, not Marriott. Plaintiff provides no legal authority that the Court should ignore LHI's corporate form and require Marriott to produce records or information that is generated by and for one of its indirect subsidiaries. See Cedric Kushner Promotions, supra. In addition, plaintiff provides no legal authority that the information requested is relevant to this case, or that it would help establish any of her claims.

**Demand #30:** While plaintiff's demand is vague and ambiguous, plaintiff has been provided with the management agreement establishing that LHI manages the subject hotel, not Marriott.

**Demand #31:** Plaintiff has been provided with the management agreement establishing that LHI manages the subject hotel, not Marriott. Plaintiff provides no legal authority that the Court should ignore LHI's corporate form and require Marriott to produce records or information that is generated by and for one of its indirect subsidiaries. See Cedric Kushner Promotions, supra. Further, plaintiff provides no indication that they have performed any investigation or due diligence to obtain the information requested. See Lituma, supra.

Magistrate Judge Marilyn Go
June 15, 2015
Page **5**

**Demand #32:** Plaintiff provides no indication that they have performed any investigation or due diligence to obtain the information requested. See <u>Lituma</u>, <u>supra</u>. As plaintiff's counsel himself states, "A phone call to St. Kitts would elicit this."

Marriott looks forward to discussing these issues with the Court on June 22.

Very truly yours,

WHITE FLEISCHNER & FINO, LLP

Daniel M. Stewart
dstewart@wff-law.com
DMS/wj

cc:     Via Email: mshapiro@salzmanwiner.com

         Mitchell G. Shapiro
         Salzman & Winer, LLP
         305 Broadway – Suite 1204
         New York, New York 10007