WHITE FLEISCHNER & FINO, LLP

61 BROADWAY, NEW YORK, NY 10006
T 212.487.9700    F 212.487.9777    WWW.WFF-LAW.COM

July 17, 2015

**VIA ECF**

Justice Sandra L. Townes, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: Brown v. Marriott International, Inc.
    **Docket No.: 14 CV 5960 (SLT)(MDG)**
    Our File No.: 105-18017
    Handling Attorneys:  Paul A. Fino, Jr. and Daniel M. Stewart

Dear Judge Townes:

My office represents defendant Marriott International, Inc., in the above-referenced matter. Plaintiff is seeking to recover damages based on physical injuries allegedly sustained at a hotel in the country of St. Kitts & Nevis.

We previously filed a request on June 3 (*ECF document #23*), seeking a pre-motion conference with respect to our intended pre-answer motion to dismiss. Among other reasons for the motion, Marriott, as the only named defendant in the case, neither owns nor operates the subject hotel, and has produced documentation supporting those facts.

In the interim, the parties have had two telephone conferences with Magistrate Go, the first of which (June 22) was initiated by plaintiff relating to disputed discovery. In advance of that conference, Magistrate Go asked the parties to brief their respective positions. During the conference, she denied the large majority of plaintiff's requests that would have required Marriott to seek documents and information from the non-party Kittian entities who own and operate the hotel. Instead, she directed Marriott to provide certain discovery only if it was currently in Marriott's possession, which Marriott has done. Plaintiff previously acknowledged the importance of the discovery which was mostly denied, describing it as "essential" to counter Marriott's intended dismissal motion (*see plaintiff's letter, ECF document #24*). As set forth in Marriott's June 3 letter, plaintiff's causes of action against Marriott are susceptible to dismissal, and Magistrate Go's rulings weaken them further still.

On July 17, the parties held another telephone conference with Magistrate Go, wherein she was advised of Marriott's pending request for a pre-motion conference. Magistrate Go indicated a disinclination to stay discovery in the absence of a motion seeking that relief, when Marriott's previously-requested dismissal motion had not yet been briefed.

It remains Marriott's position that this case should be dismissed for all of the reasons set forth in our June 3 letter, reasons that are now strengthened following discovery rulings. It is Marriott's position that the parties need not expend further time and expense with discovery when the action should be rightfully dismissed. Before it becomes necessary to file a motion for a stay

A NEW YORK LIMITED LIABILITY PARTNERSHIP

HOLMDEL, NEW JERSEY   •   WHITE PLAINS, NEW YORK   •   GARDEN CITY, NEW YORK
PHILADELPHIA, PENNSYLVANIA   •   BOCA RATON, FLORIDA
LONDON, ENGLAND

Justice Sandra L. Townes, U.S.D.J.
Re:   Brown v. Marriott International, Inc.(**Docket No.: 14 CV 5960 (SLT)(MDG)**
July 17, 2015
Page 2

with Magistrate Go, Marriott renews its June 3 request for a pre-motion conference with Your Honor.

We remain ready and available to discuss this matter in greater detail at the Court's convenience.

Respectfully submitted,

WHITE FLEISCHNER & FINO, LLP

Daniel M. Stewart
dstewart@wff-law.com

DMS/jb

cc:   mshapiro@salzmanwiner.com
      Mitchell G. Shapiro
      Salzman & Winer, LLP
      Attorneys for Plaintiff
      305 Broadway – Suite 1204
      New York, New York 10007