UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――X
VERONICA BROWN,                                   14-CV-5960 (SLT)(MDG)

                  Plaintiff,                             **MEMORANDUM**
                                                                                **IN SUPPORT**
    -against-

MARRIOTT INTERNATIONAL, INC.,

                  Defendant.
―――――――――――――――――――――X

## I. INTRODUCTION

Defendant Marriott International, Inc. ("Marriott") submits this Memorandum in Support of this Motion to Stay Discovery. Marriott is moving to stay discovery pending the resolution of its pre-answer motion to dismiss plaintiff Veronica Brown's complaint. Further discovery between the parties is unduly burdensome at this juncture because Marriott's motion to dismiss is likely to succeed, which makes continuing with discovery unnecessarily expensive and time consuming.

Marriott intends to move to dismiss on three bases: plaintiff's failure to state claims in four of her five causes of action, the failure to join necessary parties, and the doctrine of <u>forum non conveniens</u> The St. Kitts Marriott Resort & The Royal Beach Casino, where plaintiff allegedly sustained the injuries for which she seeks to recover, is owned and operated by two entities formed under the laws of the nation of Saint Kitts. The hotel bears the "Marriott" name only because Marriott licensed the use of its name to the entities that own and operate it.

Plaintiff's causes of action for equitable estoppel, fraud, and punitive damages all fail to state valid claims because they do not allege that plaintiff suffered harm as the result of the

alleged misrepresentations that serve as their basis. It appears that plaintiff is alleging in these causes of action that, by licensing its name to the Saint Kitts hotel, Marriott implicitly represented that plaintiff would be able to sue Marriott in the United States if she sustained an injury at the hotel. This theory is flawed on several levels, but, most significantly, it does not involve any legally recognizable harm to plaintiff. To sufficiently allege these causes of action, plaintiff would have to have suffered some harm other than her alleged physical injury. Although it might be less convenient for plaintiff to proceed against the actual owner and operator in a Saint Kitts court, it is not "harm" in a legal sense.

Plaintiff's agency cause of action fails to state a claim because it does not allege the elements of agency. Further, it is not "plausible" within the meaning of Federal Rule of Civil Procedure 8 because the assertion that Marriott and the owner and operator of the hotel had an agency relationship is purely speculative.

Marriott also intends to argue for dismissal on the basis that the entities that own and operate the hotel where the alleged injury occurred are necessary parties that plaintiff has failed to join. Because the owner and operator are solely liable for any incidents that occur at the hotel, complete relief cannot be accorded without their presence in this action.

Additionally, Marriott is moving to dismiss on <u>forum non conveniens</u> grounds because Saint Kitts is the appropriate forum for this action. The incident that serves as the basis of this action occurred in Saint Kitts. Hotel employees who are essential witnesses are located in Saint Kitts, and neither the Court nor the parties can require them to come to the United States for depositions or trial. Furthermore, it is needlessly burdensome to this Court and to jurors who might hear this case to adjudicate a matter that bears no significant ties to the New York community.

Marriott would be unduly burdened if discovery continued with its motion to dismiss pending, while plaintiff would suffer no unfair prejudice. Marriott has already produced all of the required document discovery necessary to evaluate the jurisdictional issues. If the Court does not grant a stay, Marriott will have to proceed with further fact discovery and depositions, which, given the likelihood of success on its motion to dismiss, would be needlessly time consuming and expensive. Additionally, Marriott does not employ any of the witnesses to the circumstances surrounding plaintiff's alleged injury, so it would be forced to produce one of its corporate employees, who will not have any first-hand knowledge of the incident at the center of this case, including no knowledge of the facilities at the subject hotel, no knowledge of the instrumentalities that allegedly caused the accident, and no knowledge of the hotel employees who maintained the hotel.

## II. BACKGROUND

On or about March 26, 2014, Plaintiff commenced this action in New York Supreme Court, Kings County, to recover for injuries she allegedly sustained on July 18, 2013 when she slipped on the floor of her hotel room at the St. Kitts Marriott Resort and The Royal Beach Casino in the nation of Saint Kitts. (Exhibit A, Plaintiff's Complaint in Supreme Court, Kings County). Plaintiff named Marriott International, Inc. and The St. Kitts Marriott Resort and The Royal Beach Casino as the two defendants in her action. On May 27, 2014, Marriott International, Inc. filed and served an answer. (Exhibit B, Marriott's Answer in Supreme Court, Kings County). Defendant St. Kitts Marriott Resort and The Royal Beach Casino never appeared in the action.

The case was removed to the United States District Court for the Eastern District of New York on October 10, 2014, when Marriott filed a Notice of Removal. See ECF No. 1.

The parties exchanged initial disclosures, and then appeared before the Court on February 23, 2015 for an initial conference, during which the Court gave the parties until September 30, 2015 to complete all fact discovery.

On May 7, 2015, plaintiff filed an amended complaint that dropped defendant "St. Kitts Marriott Resort and The Royal Beach Casino," and named only Marriott International, Inc. as a defendant. See ECF No. 15. The amended complaint contained several new causes of action, including claims based on agency, equitable estoppel, and fraud. It also sought punitive damages.

Marriott did not file an answer to plaintiff's amended complaint. Instead, it sought permission from the Court to file a pre-answer motion to dismiss. On July 23, 2015, District Judge Sandra L. Townes granted Marriott leave to file the motion. See ECF No. 32.

## III. ARGUMENT

The Court should stay all further discovery proceedings pending the resolution of Marriott's impending motion to dismiss. Courts have discretion to stay discovery "for good cause" pending the outcome of a motion to dismiss. See Fed. R. Civ. P. 26(c); Josie-Delerme v. Am. Gen. Fin. Corp., No. 08-CIV-3166, 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009). "[G]ood cause may be shown where a party has filed (or sought leave to file) a dispositive motion." Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94-CIV-2120, 1996 WL 101277, at *6 (S.D.N.Y. Mar. 7, 1996); see also Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987). "[W]here [a motion to dismiss] may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay." See Norfolk So. Ry. Co. v. Power Source Supply, Inc., Civ. A. No. 3:06-58, 2007 WL 709312, *1 (W.D. Pa. Mar. 5, 2007); Spencer Trask Software & Info. Servs. v.

RPost Int'l, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quotation marks omitted). "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." Spencer Trask Software & Info. Servs., 206 F.R.D. at 368.

"Courts consider the following factors in determining whether a stay is appropriate: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Josie-Delerme, 2009 WL 497609, at *2-3.

**a. Plaintiff's claims are unmeritorious.**

> **i. Plaintiff's agency, equitable estoppel, fraud, and punitive damages causes of action fail to state claims.**

Federal Rule of Civil Procedure 8 provides, "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)) (quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Plaintiff's agency cause of action fails to state a claim because, in addition to failing to meet the plausibility standard, the complaint does not even adequately allege the elements of agency. "Agency is the fiduciary relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 51 F. Supp. 2d 457, 471 (S.D.N.Y. 1999) (quoting Restatement (Second) of Agency § 1(1) (1958)). "[T]o establish actual agency a party must demonstrate the following elements: (1) there must be a manifestation by the principal that the agent shall act for him; (2) the agent must accept the undertaking; and (3) there must be an understanding between the parties that the principal is to be in the control of the undertaking." Maung Ng We v. Merrill Lynch & Co., Inc., No. 99-CIV-9687, 2000 WL 1159835, at *11-12 (S.D.N.Y. Aug. 14, 2000) (quotation marks omitted).

Plaintiff's complaint does not allege any of these required elements. See Am. Compl. at ¶¶ 33-39, ECF No. 15. Instead, plaintiff dedicates the majority of her agency cause of action to her assumptions and perceptions of the relationships between Marriott and the entities that own and operate the hotel. See id. Plaintiff's perception of these relationships is entirely irrelevant to the agency cause of action. A complaint that adequately alleges agency must state that there was an agreement between the alleged principal and agent for the principal to exercise control over the agent. See Maung Ng We, 2000 WL 1159835, at *11-12. Plaintiff's complaint fails to make these basic allegations.

Even if plaintiff had adequately pled these elements, the complaint would still fail to state a plausible agency claim because plaintiff's assertion of an agency relationship is purely

speculative.[1]  See Twombly, 550 U.S. at 555.  Plaintiff has not revealed any basis for her belief that there was an agency relationship other than the fact that the hotel bore the "Marriott" name, which was the result of a licensing agreement which has been disclosed to plaintiff and not Marriott's exercise of ownership and control over the hotel.  Accordingly, plaintiff's agency cause of action fails to state a plausible claim under Rule 8.

Plaintiff's equitable estoppel, fraud, and punitive damages causes of action fail to state claims because they do not state that plaintiff suffered any legally recognizable harm. "[T]he common law has long insisted that a plaintiff [asserting a fraud cause of action] show not only that had he known the truth he would not have acted but also that he <u>suffered actual economic loss</u>."  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 343-44 (2005) (emphasis added); see also Restatement (Second) of Torts § 525 ("One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit <u>for pecuniary loss</u> caused to him by his justifiable reliance upon the misrepresentation." (emphasis added)).  To state a claim for fraudulent misrepresentation under New York law a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) <u>the plaintiff suffered damage as a result of such reliance</u>."  Alredi Productions, Inc. v. Sandra Carter Productions, Inc., No. 03-CIV-0790, 2006 U.S. Dist. LEXIS 7120, at *11-12 (S.D.N.Y. Feb. 21, 2006) (citing Eternity

---

[1] In a hearing on June 22, 2015, this Court largely upheld Marriott's objections to plaintiff's overbroad discovery demands, that plaintiff described as "essential" to prove their theories. See ECF No. 24. As will be demonstrated in Marriott's dismissal motion, Plaintiff simply cannot meet her burden of proof on these causes of action.

Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 186-87 (2d Cir. 2004)) (emphasis added).

The elements for equitable estoppel also require that a plaintiff suffer harm. "Under New York law, the party asserting estoppel must show that the party alleged to be estopped (1) engaged in conduct which amounts to a false representation or concealment of material facts; (2) intended that such conduct would be acted upon by the other party; and (3) knew the real facts.

In addition, the party alleging estoppel must also show with respect to himself: (1) lack of knowledge of the true facts; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in his position." Readco, Inc. v. Marine Midland Bank, 81 F.3d 295 301-02 (2d Cir. 1996) (citations, quotation marks, and alterations omitted).

The paragraphs in plaintiff's complaint that allege the equitable estoppel, fraud, and punitive damages causes of action do not explain how plaintiff suffered harm. Instead, plaintiff relies on vague assertions that plaintiff relied on representations "to her detriment" and was "damaged thereby." See Am. Compl. at ¶¶ 42, 50, ECF No. 15. Plaintiff's failure to specifically allege that she suffered any economic or otherwise tangible harm is, by itself, sufficient cause to dismiss plaintiff's equitable estoppel, fraud, and punitive damages causes of action.

For several months, plaintiff has been aware of Marriott's intention to seek dismissal based on forum non conveniens grounds.[2] It therefore seems that plaintiff's theory is that she was harmed by the potential inconvenience of seeking recovery in a non-United States court. See Am. Compl. at ¶¶ 41, 55, ECF No. 15 (alleging that Marriott failed to "stand behind" the Saint Kitts hotel and "be answerable for any incidents" there). This theory of harm is

---

[2] Marriott first sought approval for the motion on February 17, 2015. See ECF No. 7.

frivolous. The need for plaintiff to seek recovery in a non-United States forum may be less convenient, but it is not the basis of a legal cause of action. Second, plaintiff has not been denied the ability to recover for her alleged injuries; if the entities that own and operate the hotel were negligent in causing plaintiff's injuries, plaintiff can recover from them in Saint Kitts. Plaintiff is not harmed because she is required to seek recovery from these entities, instead of from Marriott. Accordingly, plaintiff's equitable estoppel, fraud, and punitive damages causes of action fail to state claims because she has not suffered the type of harm that those causes of action envision.

### ii. Plaintiff's complaint fails to name necessary parties.

The entities that own and operate the St. Kitts hotel where plaintiff allegedly suffered her injury are necessary parties, and the suit should be dismissed because they cannot be joined. A failure or inability to join necessary parties may serve as the basis for dismissal. See Fed. R. Civ. P. 12(b)(7). Civil Rule of Procedure 19 provides the standards for determining whether a party is necessary and whether a court should dismiss an action where a necessary party cannot be joined. See Fed. R. Civ. P. 19; Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000); Whyham v. Piper Aircraft Corp., 96 F.R.D. 557, 560 (M.D. Pa. 1982). Subsection (a) of Rule 19 provides that a person or entity is necessary where:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or
>
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
> > (i) as a practical matter impair or impede the person's ability to protect that interest, or

> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Courts have held that a party is necessary where it was an "active participant" in the incident that forms the basis of the action. See <u>Whyham</u>, 96 F.R.D. at 561. A party is also necessary where proceeding without it could create the possibility of additional lawsuits regarding the same subject matter, such as would occur if a defendant that had a judgment entered against it later sought to recover from the party who was not joined in the original action. See <u>Whyham</u>, 96 F.R.D. at 561; see also <u>United States v. Rose</u>, 34 F.3d 901, 908 (1994) (stating that part of Rule 19's purpose is "to discourage multiplicitous litigation"). The owner and the operator of the Saint Kitts hotel were "active participants" in the incident that is the basis of this action because they were solely responsible for the maintenance and operation of the hotel—Marriott did not bear any of these responsibilities. Additionally, the absence of the Saint Kitts entities in this action would create the possibility of a second action to recover against those entities, a scenario that courts have consistently sought to avoid. Accordingly, the Saint Kitts entities are necessary parties to this action.

Subsection (b) of Rule 19 provides criteria for the second part of the analysis: whether dismissal is warranted on the basis of the inability to join necessary parties, in this case the Saint Kitts entities. The Rule 19(b) factors include, "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; the viability of measures to lessen prejudice caused by the absence of the necessary parties; "whether a judgment rendered in the person's absence would be adequate"; and "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." See Fed. R. Civ. P. 19(b). The application of these factors here weighs heavily in favor of

dismissal due to the Saint Kitts entities' central role in the subject matter of this lawsuit, as compared to Marriott's non-existent role. It is prejudicial and, as a practical matter, nearly impossible to proceed without these parties because they were solely responsible for the actions that plaintiff alleges caused her injury. Therefore, Marriott's argument for dismissal on the basis of the failure to join necessary parties is likely to succeed.

### iii. The doctrine of <u>forum non conveniens</u> requires the dismissal of plaintiff's complaint.

The nation of Saint Kitts is the appropriate forum for this action because that is where plaintiff's alleged injuries occurred. The central purpose of a <u>forum non conveniens</u> analysis is to determine where trial will be most convenient and will serve the ends of justice. <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241 (1981). Courts in the Second Circuit utilize a three-step <u>forum non conveniens</u> analysis. See <u>Norex Petroleum Ltd. v. Access Indus., Inc.</u>, 416 F.3d 146, 153 (2d Cir. 2005). "At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum." <u>Id.</u> (citations omitted).

Plaintiff's choice of forum in New York is entitled to minimal deference. Although "a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum[,] … many courts have held that where none of the operative facts of the action occurred in the plaintiff's chosen forum, the choice is afforded less weight." See <u>Wenzel v. Mariott Int'l Inc.</u>, No. 13-CV-8335, 2014 U.S. Dist. LEXIS 166062 (S.D.N.Y. Nov. 17, 2014) (citations and quotations marks omitted). All of the "operative facts"—

specifically, plaintiff's alleged injury and the circumstances surrounding it—occurred in Saint Kitts. Therefore, plaintiff's choice of forum deserves little deference.

Saint Kitts is an adequate alternative forum. A foreign court "will usually be adequate so long as it permits litigation of the subject matter of the dispute, provides adequate procedural safeguards and the remedy available in the alternative forum is not so inadequate as to amount to no remedy at all." DiRienzo v. Philip Servs. Corp., 232 F.3d 49, 57 (2d Cir. 2000) (citing Piper Aircraft Co., 454 U.S. at 254-55 & n. 22)). Saint Kitts courts are capable of adequately handling plaintiff's claims, and Marriott will provide admissible evidence in that regard when the dismissal motion is served on or before August 28.

A balancing of the private and public interests heavily favors dismissal. The private interest factors relate to the convenience of the litigants. They include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Iragorri v. United Techs. Corp., 274 F.3d 65, 73-74 (2d Cir. 2005) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). The private interest factors decisively support dismissal because all of the witnesses, other than plaintiff herself, required to establish or defend against the liability aspect of this case are located in Saint Kitts. And, in addition to the significant inconvenience of bringing any of these witnesses to the Eastern District of New York, the parties and the Court cannot compel their attendance at trial because they are located in a foreign country and neither they nor their employers are parties to this action. Furthermore, "the possibility of view of premises" is not

a possibility at all given the obvious time and expense of travelling to Saint Kitts from Brooklyn.

The public interest factors implicated in the balancing analysis in this case involve the administrative challenges associated with proceeding in the Eastern District and the lack of local interest in the case's subject matter. The Supreme Court has noted, "Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at it origin." Gulf Oil Corp., 330 U.S. at 508. The Eastern District of New York is one of the busiest federal judicial districts in the country, and, therefore, is among the "congested centers" to which the Court was referring. The Court noted that when courts in these "centers" proceed with hearing cases that are far from their "origin" jury duty is "imposed" on people whose "community ... has no relation to the litigation" and the court is tasked with "untangl[ing] problems in conflict of laws, and in law foreign to itself." See id. at 508-09. This case has no relationship to the Eastern District other than plaintiff's residence here. It makes little sense to needlessly burden a Brooklyn jury with a case whose subject matter has nothing to do with their community. The citizens and courts of Saint Kitts have a far greater and more compelling interest to hear and decide this matter, which impacts tourism and the economy in Saint Kitts. The public interest factors militate against proceeding in the Eastern District. And, in view of the full three-step forum non conveniens analysis, there is a highly compelling basis for dismissal.

For the purposes of a stay of discovery, plaintiff's claims lack merit. The entire action is subject to dismissal due to the failure to join necessary parties and pursuant to the forum non conveniens doctrine. Additionally, four of plaintiff's five causes of action are blatantly frivolous and fail to adequately state claims.

### b. The burden of continuing discovery supports a stay.

Given the likelihood that Marriott's motion to dismiss will succeed, and the futility of further discovery, continuing with discovery while the Court decides the motion is unduly burdensome. Marriott has already provided the required document discovery needed and to analyze the jurisdictional issues that are the subject of the motion to dismiss. If discovery proceeds, Marriott will have to engage in further fact and expert discovery, including depositions. Because Marriott cannot compel the attendance of anyone from the hotel who may have witnessed the circumstances of plaintiff's injury, Marriott will be forced to produce a representative from its corporate offices in the United States. This employee will not be able to provide any valuable testimony; any knowledge of the incident that he or she might have will be second hand.

That this employee might be able to discuss the corporate structure of Marriott does not make his or her deposition worthwhile. Marriott has already produced internal documents to plaintiff that relate to its corporate structure, and the contractual relationships between the parties who own and operate the hotel. These documents show that Marriott did not have ownership or control of the Saint Kitts hotel such that it might be liable to plaintiff for her alleged injuries. Any testimony from the Marriott employee regarding the corporate structure will only restate the content of these documents. Testimony that plaintiff might seek from this witness regarding the equitable estoppel, fraud, and punitive damages causes of action is also without value because those causes of action are frivolous for the reasons set forth above.

It also does make sense to depose plaintiff at this juncture because, if the action proceeds in Saints Kitts, plaintiff would have to be deposed again by the parties who were

actually responsible for the ownership and operation of the hotel. Accordingly, it is more efficient to wait to conduct plaintiff's deposition until the Court decides the motion to dismiss than to face the possibility of duplicating discovery.

**c. A stay will not unfairly prejudice plaintiff.**

Plaintiff does not face any discernible prejudice if discovery is stayed. As discussed, the deposition of the corporate Marriott employee will not provide relevant information and deposing plaintiff at this point would waste the time of both parties. Additional discovery also is not required for plaintiff to have a fair opportunity to oppose the motion to dismiss. The motion is, necessarily, not fact intensive. It will center on the pleadings and the initial disclosures that the parties have exchanged. Accordingly, depositions will not reveal any information material to the motion to dismiss.

## IV. CONCLUSION

For all of the foregoing reasons, the Court should stay discovery pending the resolution of Marriott's motion to dismiss.

Dated: New York, New York
August 6, 2015

WHITE FLEISCHNER & FINO, LLP

By: _____
Daniel M. Stewart (7989)
Attorneys for Defendant
MARRIOTT INTERNATIONAL, INC.
61 Broadway - 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 105-18017