UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

VERONICA BROWN,                                    Docket No.:14-CV-5960 (SLT)(MDG)

                    Plaintiff,

        -against-

MARRIOTT INTERNATIONAL, INC.,

                    Defendant.

_____X

## MEMORANDUM OF LAW IN REPLY

                        Respectfully Submitted,


                        WHITE FLEISCHNER & FINO, LLP
                        Attorneys for the Defendant
                        MARRIOTT INTERNATIONAL, INC.
                        61 Broadway
                        New York, New York 10006
                        (212) 487-9700
                        Our File No.: 105-18017


*Daniel M. Stewart*
*Of Counsel*

# TABLE OF AUTHORITIES

*Delarosa v. Holiday Inn* ................................................................................................ 5

*Fisk Bldg. Assocs. LLC v. Shimazaki II, Inc., 76 A.D.3d 468, 469, 907 N.Y.S.2d 2, 4 (1st Dep't 2010)* ...... 2

*GlaxoSmithKline Biologicals, S.A., v. Hospira Worldwide, Inc., No. 13-CV-1395 (PKC)* .......................... 4

*Hernandez v. Graebel Van Lines, 761 F. Supp. 983 (E.D.N.Y. 1991)* ........................................ 4

*Orix Credit Alliance v. Phillips-Mahnen, Inc., 1993 U.S. Dist. LEXIS 7071 (S.D.N.Y. May 26, 1993)* ...... 2

*Rosen v. Ritz Carlton, 2014 U.S. Dist. LEXIS 179215 (S.D.N.Y. 2014)* ...................................... 4

*Torres-Monroe v. Eternal Lobby Lounge, Inc., 2013 U.S. Dist. LEXIS 88740 (E.D.N.Y., 2013)* ............... 5

## Preliminary Statement

Plaintiff openly concedes in opposition to MII's motion that the only potentially viable claim she possesses against MII is the one based upon her "agency by estoppel" theory of liability; that although MII is in no manner responsible for her accident, and may not be found directly liable for her injuries, it is nevertheless subject to vicarious liability for the acts and omissions of the company in St. Kitts that operates the hotel where she was injured because MII led her to believe that it was actually MII that owned and operated that hotel. As discussed in greater detail below, even if the plaintiff believed that MII owned and operated the hotel, her claimed reliance in this regard did not result in the type of detriment and prejudice required to establish an estoppel situation and consequently, even her agency by estoppel theory fails to state a claim.

Furthermore, even assuming plaintiff's Amended Complaint could be read to state a claim against MII, she nevertheless offers no valid grounds for keeping this case in the overly-burdened, heavily congested Eastern District of New York. That she received medical care in New York once she returned home, is considered by our courts to be no more than "a very attenuated link" to the District, and residence in the District is not accorded great weight where, as here, the locus of operative facts giving rise plaintiff's cause of action is elsewhere. Accordingly, MII respectfully submits that the Court should grant its instant motion in all respects.

1

**LEGAL ARGUMENT**

**POINT I**
**THE AMENDED COMPLAINT FAILS TO STATE A CLAIM THAT MII MAY BE FOUND VICARIOUSLY LIABLE BASED UPON "AGENCY BY ESTOPPEL"**

Plaintiff expressly concedes in her opposition that there is no validity to her causes of action based upon (1) negligence by virtue of piercing the corporate veil, (2) equitable estoppel, (3) fraud, and/or (4) punitive damages. If the Amended Complaint does indeed adequately state any claim for relief at all, plaintiff argues it is her cause of action alleging "agency by estoppel", i.e., that MII may be found vicariously liable for the acts/omissions of the operator of the hotel in St. Kitts where she was injured, because MII's website, promotional materials and signature emblem that appears on its website and in the hotel led her to believe that MII is the hotel's owner and operator.

A critical element to establishing estoppel is that plaintiff relied to her detriment upon the apparent agency relationship and was prejudiced as a result of the claimed misrepresentation thereof. *Orix Credit Alliance v. Phillips-Mahnen, Inc., 1993 U.S. Dist. LEXIS 7071 (S.D.N.Y. May 26, 1993); Fisk Bldg. Assocs. LLC v. Shimazaki II, Inc., 76 A.D.3d 468, 469, 907 N.Y.S.2d 2, 4 (1st Dep't 2010).* Assuming *arguendo* that plaintiff was led to believe MII owned and operated the hotel, her claim of prejudice is insufficient to defeat MII's motion. According to plaintiff's opposition, the prejudice to her is "implicit, and arises out of, her claim that she was misled into believing she had recourse to Marriott International and its name and reputation --not an independently owned local hotel that happened to have 'Marriott' in its name -- in the event of something untoward happening while [she] was a guest at the subject hotel (references to MII's motion omitted). That is at the core of plaintiffs (sic) claim for vicarious liability under the doctrine of agency by estoppel." (Plaintiff's Memorandum of Law, p.13)

2

MII respectfully submits for three separate reasons, that plaintiff's alleged reliance upon the appearance of ownership on the part of MII did not give rise to the type of detrimental reliance necessary to give rise to an estoppel.  First, it would unreasonable, as a matter of law, for the Court to accept the proposition that a person chooses to stay at a particular hotel because of an expectation that they might get hurt during their stay.  Unless someone is planning to fraudulently fake a personal injury accident in order to set up a sham claim for damages, it strains credulity to conclude that someone would choose to stay at an upscale hotel because they expect they might get injured there.

MII respectfully submits that plaintiff's claim that she had the foresight to choose a hotel so that she would have recourse against it if she got hurt, is really just a thinly veiled argument, made in hindsight, in an effort to create a basis for liability against MII, which she herself concedes could only be found vicariously liable as opposed to directly liable.  The Court should therefore in all respects conclude that her agency by estoppel theory fails to state a claim.

Second, plaintiff's references to the "Marriott" signature emblem and signage were at the hotel itself, in St. Kitts, long after she had already made the choice to stay at that hotel.  Accordingly, at the time she made her reservation to stay there, she could not possibly have relied upon all of the signage and emblems she annexes to her opposition papers.  For this reason as well, the claim of detrimental reliance resulting in prejudice, is absent, and the cause of action for agency by estoppel therefore fails to state a claim.

Third, most importantly and as established in MII's initial motion papers, plaintiff absolutely does have recourse (assuming she can establish negligence, and she is quite confident in her opposition papers that she can), and it is against the St. Kitts party(ies) who are actually responsible for the conditions that resulted in her injuries.  MII respectfully submits that the

3

interests of justice require plaintiff to pursue recourse against the party(ies) who are directly responsible for the conditions at the hotel, as opposed to vicariously liable.   In their home country of St. Kitts, those parties are viable, on-going commercial concerns (as opposed to individuals with limited resources or defunct, empty-pocket corporations).   The interests of justice are particularly strong in this case, where plaintiff is pursuing vicarious liability against a party in a forum where that party cannot, in turn, seek recovery against the directly liable party(ies) because they are not subject to jurisdiction in plaintiff's chosen forum.

## POINT II
## THE COMPLAINT SHOULD, IN ANY EVENT, BE DISMISSED ON THE ALTERNATIVE BASIS OF *FORUM NON CONVENIENS*

It is well settled that the weight afforded to a plaintiff's choice of forum "measurably diminishes where the operative facts lack a meaningful connection to the [chosen] forum." *GlaxoSmithKline Biologicals, S.A., v. Hospira Worldwide, Inc., No. 13-CV-1395 (PKC), Hernandez v. Graebel Van Lines, 761 F. Supp. 983 (E.D.N.Y. 1991)*["where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is ... given reduced significance"]. This continues to be the case even where, as here, plaintiff is claiming a connection to her chosen forum because she received post-accident medical care upon returning home from her vacation.

For example, according to the court in *Rosen v. Ritz Carlton, 2014 U.S. Dist. LEXIS 179215 (S.D.N.Y. 2014),* notwithstanding that (as in the case at bar) the plaintiff received medical treatment in New York after the family returned home from Puerto Rico, "the locus of operative facts is clearly San Juan –– not New York. The coffee maker and hotel room in question are in Puerto Rico, the alleged accident took place in Puerto Rico, the immediate medical response was in Puerto Rico, and the first week of medical treatment was also in Puerto

Rico. The only aspect of this case that took place in New York was the ultimate medical treatment that the Infant Plaintiff received."

The *Rosen* court concluded that plaintiff's choice of forum was therefore entitled to little deference. Indeed, the court described the plaintiff's medical care in New York as presenting no more than "a very attenuated link" to the forum (citing *Delarosa v. Holiday Inn And Independence Plaza Hotels, 2000 U.S. Dist. LEXIS 6882, 2000 WL 648615 (S.D.N.Y. 2000)*).

Similarly, *Torres-Monroe v. Eternal Lobby Lounge, Inc., 2013 U.S. Dist. LEXIS 88740 (E.D.N.Y., 2013)* arose out of an altercation between two patrons in a hotel bar in Puerto Rico, and the judge in the Eastern District of New York before whom the case was pending, concluded that Puerto Rico was where the case properly belonged. Plaintiff, who was injured in the fight, was a resident of Brooklyn and a guest of the hotel at the time of this incident. Defendants sought to transfer venue to the District of Puerto Rico.

Witnesses to the incident included the plaintiff's two (2) traveling companions, one of whom resided in Queens, New York, a hotel security officer, and other unnamed members of the hotel or lounge staff. Local police responded to the incident, Torres-Monroe went to a nearby hospital for medical treatment, and then sought follow-up medical care in New York upon her return home.

Because all of the events giving rise to the cause of action were in Puerto Rico, the court transferred the case out of the Eastern District of New York, notwithstanding the fact that plaintiff's post-accident medical care occurred in New York and the plaintiff's travel companion who witnessed the assault resided in New York. In doing so, the court specifically noted that "New York would of course be most convenient for Torres-Monroe and her New York-based companion, but they at least have a demonstrated ability to travel to Puerto Rico when it suits them to do so. On the other hand, non-party employees or guests of the hotel or bar who

5

witnessed the events surrounding the assault at issue will be decidedly inconvenienced if forced to testify in New York, and there is no basis to assume that they have the means to travel here if called upon to do so. More fundamentally, it would be unfair to the parties to try the case without allowing them an opportunity to call such non-party witnesses from Puerto Rico — and yet such witnesses would be beyond the parties' ability to subpoena for trial in New York. See Fed. R. Civ. P. 45(c)(3)(A)(ii) (requiring a court to quash a subpoena that requires a non-party to travel more than 100 miles)."

While perhaps plaintiff BROWN received more extensive medical treatment in her home forum than did the plaintiffs in Rosen and Torres-Monroe, this distinction is meaningless because no amount of treatment at all, even the most extensive amount, can possibly have any relationship whatsoever to the events giving rise to plaintiff's cause of action.  It is these events prior to medical treatment that establish that "locus of operative facts," not what occurred after the fact.

Equally unavailing to plaintiff Brown is her assertion that only a few Kittian witnesses are necessary at trial. Plaintiff maintains in her opposition that there are only three relevant liability witnesses, but in doing so, self-servingly cites to her own discovery responses as opposed to MII'S discovery responses. In fact, the relevant witnesses concerning liability are:

- Jacques Hamou – General Manager of the hotel, who would be the person to testify about hotel policies, procedures, hiring and training of employees, housekeeping and maintenance rules and protocols. His affidavit is an exhibit to MII's initial motion papers;
- Dameon Lawrence – the hotel employee who responded to plaintiff's call after the accident, and completed the incident report;
- Tyrone O'Loughlin –the hotel maintenance employee who responded to address plaintiff's complaint about the leaky A/C unit;
- Collin Dos Santos – the hotel employee who performed a search for relevant documents / records pertaining to the plaintiff's accident; and

6

- An as yet unidentified hotel employee who could serve as the plaintiff's notice witness – according to the statement/affidavit of plaintiff's companion Judy Gomez Caldwell, it was an unidentified hotel employee who said "It's leaking again" after the accident.

All of these individuals are employed by the St. Kitts company that manages and operates the hotel. They are not, as mischaracterized by plaintiff's opposition, employed by MII, and therefore not subject to MII's direction and control. Indeed, plaintiff herself concedes this in her first point concerning "agency by estoppel". None of these individuals are subject to any form of direction or control by MII and MII has no way to compel them to New York for the purposes of offering testimony at either a deposition or for trial if the action remains in the Eastern District of New York. In fact, while plaintiff asserts in her opposition that MII admitted in its opening papers that these witnesses would incur no expense in traveling to New York because MII would pay for their trip, feed them, and put them up at a Marriott Hotel, the Court's review of MII's initial motion papers will reflect very clearly that MII in fact made no such representation.

Also unavailing to plaintiff is her assertion that her case should not be litigated in St. Kitts because agency issues, like that of "agency by estoppel", are a creature of New York law. If the case is litigated in St. Kitts, the agency by estoppel theory becomes entirely moot because in that forum, plaintiff will have access to, and recourse against, the parties who are directly liable, as opposed to merely vicariously liable, for her accident and resulting injuries. These parties are viable corporate entities; they are not individuals or defunct businesses whose pockets are likely to be empty or limited.

The Court must also reject plaintiff's assertion that MII's attempt to have this case litigated in St. Kitts is a situation of "forum shopping" on the part of MII. MII is not seeking some tactical advantage over the plaintiff but rather, is seeking to have the case litigated in the forum where the locus of operative facts exists, and where the parties who are subject to direct

7

liability are located, subject to the court's jurisdiction, and accessible both to plaintiff and to MII. MII therefore submits that the Court should in all respect grant its motion to dismiss.

## CONCLUSION

MARRIOTT INTERNATIONAL INC. respectfully submits it has demonstrated by clear and convincing evidence, and pursuant to applicable law, that plaintiff's Amended Complaint fails to state a claim against MII and that it should in any event be dismissed and commenced anew by plaintiff in the proper forum of St. Kitts, on the basis of *forum non conveniens*. The most critical factors, i.e., the locus of operative facts, the convenience of witnesses, and the interests of justice, weigh strongly in favor of dismissal, and the limited deference afforded to plaintiff's choice of forum under these circumstances does not overcome that weight. Consequently, the Court should in all respects grant MII's instant motion and issue an Order directing that this case be dismissed.

Dated:  New York, New York
        October 16, 2015

WHITE FLEISCHNER & FINO, LLP

By: _____

       Daniel M. Stewart (DS 7989)
Attorneys for Defendant
MARRIOTT INTERNATIONAL, INC.
61 Broadway
New York, New York 10006
(212) 487-9700
Our File No.: 105-18017