```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    E-FILE
------------------------------------------------------------x
VERONICA BROWN,                                 Docket No.: CV-14-5960(SLT)

                        Plaintiff,              **ANSWER TO SECOND**
        -against-                               **AMENDED COMPLAINT**

MARRIOTT INTERNATIONAL, INC.,

                        Defendant.
------------------------------------------------------------x
```

Defendant Marriott International, Inc., by its attorneys, Wade Clark Mulcahy, as and for an answer to the plaintiff's second amended complaint, respectfully alleges:

1. Denies except admits that Marriott International, Inc. is a foreign authorized corporation with its primary place of business in Maryland, organized pursuant to the laws of Delaware and authorized to do business in New York.

2. Admits.

3. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

4. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

5. Denies upon information and belief except admits that Marriott had certain information on its website.

6. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

7. Denies.

8. Denies and leaves all matters of law to the Honorable court.

9. Denies and leaves all matters of law to the Honorable court.

10. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

11. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

12. Denies upon information and belief.

13. Denies except admits that Plaintiff completed a voluntary statement form.

14. Denies except admits that the hotel prepared an incident report whose contents speak for themselves.

15. Denies.

16. Denies.

17. Denies.

18. Denies.

19. Denies and leaves all matters of law to the Honorable court.

20. Denies and leaves all matters of law to the Honorable court.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

21. The defendant not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby asserts and reserves unto itself the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. The complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. Pursuant to CPLR Article 16, the liability of defendant, Marriott International Inc., to the plaintiff herein for non-economic loss is limited to defendant, Marriott International Inc.'s equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff has recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any such future loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiff shall be reduced in accordance with the provisions of CPLR 4545(c).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including comparative negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff may have failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's alleged loss and damage, if any, resulted wholly and solely from the fault, neglect and want of care of the plaintiff or persons or parties other than defendant, for whose acts said defendant is not liable or responsible and not as a result of any negligence.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

28. This defendant is entitled to a set-off if any tort feasor has or will settle with plaintiffs pursuant to G.O.L. 15-108.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29. That the plaintiff could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

30. That by entering into the activity in which the plaintiff was engaged at the time of the occurrence set forth in the complaint, said plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

31. Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

32. The injuries sustained by plaintiff, if any, were not proximately caused by any act of omission of answering defendant.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

33. The complaint must be dismissed, as answering defendant owed no duty to plaintiff.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

34. Plaintiff's complaint should be dismissed as he was the sole proximate cause of his accident.

WHEREFORE, Marriott International, Inc. demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
December 21, 2017

WADE CLARK MULCAHY

_____
Paul W. Vitale
Attorneys for Defendant
Marriott International, Inc.
180 Maiden Lane, 9th Floor
New York, New York 10038
(212) 267-1900
Our File No.: 170.9841.2

TO: (See Attached Affidavit)

STATE OF NEW YORK  )
COUNTY OF NEW YORK  ) ss:

I, Paul W. Vitale, being duly sworn, affirms and says:

That he is the attorney for the defendant in the within action; that he has read the within Answer and knows the contents thereof, and that same is true to his own knowledge, except and to the matters herein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

That the sources of his information and knowledge are investigation and records on file.

That the reason this verification is being made by affirmant and not by defendant(s) is that the defendant(s) is not within the county where affirmant has his office.

Affirmed this 21st day
of December, 2017

_____
Paul W. Vitale

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

I, Diana Mauriello, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Suffolk County, New York.

That on December 21, 2017, deponent served the within *Answer to Second Amended Complaint* upon the attorneys and parties listed below by United States prepaid mail:

TO:

Alan Salzman, Esq.
Salzman & Winer, LLP
233 Broadway, Suite 900
New York, New York 10279
Tel.: (212) 233-6550

_____
Diana Mauriello

Sworn to before me this
21st day of December, 2017

_____
Notary Public

CHRISTOPHER J. GIOIA
Notary Public, State of New York
No. 02GI6321932
Qualified in Nassau County
Commission Expires Mar. 30, 2019