UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VERONICA BROWN

                                        Plaintiff,

                    -against-

MARRIOT INTERNATIONAL, INC.,

                                        Defendants.
-------------------------------------------------------------------X

Civil Case No.:
1:14-cv-5960 (SLT)

**PLAINTIFF'S RESPONSE
TO DEMAND FOR
<u>INTERROGATORIES</u>**

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the Eastern District of New York, as and for plaintiff VERONICA BROWN (hereinafter "Plaintiff") response to interrogatories, respectfully submits as follows upon information and belief. Plaintiff the responses based upon present information and plaintiff reserves all rights to amend or supplement the responses. By referencing a document herein, plaintiff does not concede the admissibility of said document, but rather, plaintiff reserves its right to contest the admissibility of such documents and reserves all applicable privileges. Subject to the foregoing, plaintiff states the following pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure:

### <u>REPSONSES TO INTEROGATORIES</u>

1(a).  Plaintiff objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiver of said objection, upon information and belief, the following have knowledge of facts which form the basis of this allegation:

VERONICA BROWN, the Plaintiff in the subject action.

JUDITH GOMEZ CALDWELL, non-party witness to action.

MARRIOT INTERNATIONAL INC., the defendants in the subject action.

1(b).  Plaintiff objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome. Moreover, said information would be in the possession of Defendant. Subject to

and without waiver of said objection, see the "Voluntary Statement," authored by Plaintiff on or about July 18, 2013, annexed hereto as **Exhibit "1."** Plaintiff reserves the right to supplement or amend this response up to and including the time of trial.

2(a)-(c). Plaintiff is making claims for past pain and suffering, future pain and suffering, past medical expenses, future medical expenses, and past and future loss of earnings, in an amount to be determined by the trier of fact. All information regarding Plaintiff's damages will be provided. Plaintiff reserves the right to supplement this response up to and including the time of trial.

3.      This accident occurred at the Marriot St. Kitts Resort and The Royal Beach Casino, 858 Zenway Boulevard, Frigate Bay, Saint Kitts, British West Indies, in room 445.

4.      The defendant, it's agents, servants and/or employees were negligent and careless in the ownership, operation, maintenance and control of the aforesaid premises; in permitting the floors of said premises to become and remain in a dangerous, hazardous, wet, defective, unsafe, improperly maintained condition; in failing to properly maintain the air conditioner at the aforesaid premises; in allowing the air conditioner in the aforementioned premises to be and become in a dangerous, hazardous, and defective condition; in failing to repair the air conditioner at the aforesaid premises despite knowing it was in a dangerous, hazardous, and unsafe condition; in allowing the air conditioner to leak water or other substances onto the floor of the aforesaid premises; in failing to provide safety mats and/ or other protective ground covering; in failing to place proper signs or barricades around said area; in failing to warn of the dangerous, wet, defective, unsafe condition; in failing to inspect the premises; in failing to ensure that the premises were safe for guests; in failing to timely and properly respond to complaints; in that Plaintiff relied to her detriment on Defendant to ensure that the premises would be kept and maintained in a safe

condition, free from hazardous, dangerous, and defective conditions, including but not limited to wet floors; and in otherwise being negligent careless and reckless.

5.  Plaintiff provided notice of the dangerous, hazardous, and defective condition to the staff of the Marriot St. Kitts Resort and The Royal Beach Casino. The precise name of said employees is not presently known by Plaintiff. Plaintiff reserves the right to supplement this response up to and including the time of trial.

6.  Plaintiff objects to the demand for the manner in which the accident occurred as it is evidentiary in nature and an improper demand. Moreover, this demand is more appropriately addressed at the time of depositions. Subject to and without waiver of said objection, the subject accident occurred when Plaintiff was caused to slip on a slippery substance on the floor of her hotel room. Upon information and belief, said slippery substance fell to the floor from the air conditioning unit in her hotel room.

7.  Plaintiff, **VERONICA BROWN** suffered the following serious personal injuries:

## CERVICAL SPINE

- C3-C4 LEFT CENTRAL DISC PROTRUSION DEFORMING LEFT VENTRAL CORD SURFACE
- C4-C5 LARGE MIDLINE DISC PROTRUSION DEFORMING THE VENTRAL MIDLINE CORD SURFACE. MILD RIGHT AND MODERATE LEFT FORAMINAL STENOSIS.
- C5-C6 BROAD LEFT CENTRAL DISC PROTRUSION DEFORMING THE LEFT VENTRAL CORD SURFACE. MILD RIGHT AND MODERATE LEFT FORAMINAL STENOSIS.
- C6-C7 RIGHT CENTRAL DISC PROTRUSION DEFORMING THE RIGHT VENTRAL CORD SURFACE. MILD RIGHT AND MODERATE LEFT FORAMINAL STENOSIS.
- RADICULOPATHY
- C4-C5 MAJOR DEFORMITY OF THE CORD AND MOST CONCERNING A BRIGHT SIGNAL WITHIN SUBSTANCE OF THE CORD INDICATING MYELOMALACIA
- COMPRESSIVE CORD MYELOPATHY
- DIFFUSE CERVICAL SPONDYLOSIS
- STRAIGHTENING OF THE CERVICAL LORDOSIS

- ASSYMATRY BETWEEN THE REFLEXES IN THE UPPER AND THE LOWER LIMBS
- SIGNIFICANT SURGICAL SCARRING
- MUSCLE SPASM
- RESTRICITONS OF RANGE OF MOTION
- WEAKNESS

## CERVICAL SPINE SURGERY PERFORMED BY DR. ERICO CARDOSO, M.D., ON AUGUST 21, 2016

**PRE-OPERATIVE DIAGNOSIS:** COMPRESSIVE CERVICAL MYELOPATHY; STENOSIS OF THE CERVICAL SPINAL CANAL; DIFFUSE CERVICAL SPONDYLOSIS.

**POST-OPERATIVE DIAGNOSIS:** COMPRESSIVE CERVICAL MYELOPATHY; STENOSIS OF THE CERVICAL SPINAL CANAL; DIFFUSE CERVICAL SPONDYLOSIS.

**PROCEDURE:** C3-C7 DECOMPRESSIVE LAMINECTOMY; C3-C6 INTERNAL SPINAL FIXATION BY MEANS OF MASS SCREWS AND RODS; INTRAOPERATIVE FLUROSCOPY.

## RIGHT SHOULDER

- PAIN
- SWELLING

## LUMBAR SPINE

- LOW BACK PAIN
- EXACERBATION, ACTIVATION AND/OR ACCELERATION OF PREEXISTING LOW BACK PAIN

## LEFT HIP

- PAIN
- DEEP CONTUSION
- SPRAIN

## LEFT ANKLE

- PAIN
- STRAIN
- PARTIAL TEAR OF THE ANKLE LIGAMENTS
- SWELLING

The aforesaid injuries have directly and/or indirectly adversely affected the nerves, tissue, blood vessels, blood supply, muscles, joints, bones, ligaments, cartilage, tendons, skin and other soft tissues and structures in and about the injured parts and areas of injury, including the central nervous system, muscular system and/or skeletal system, and all of the natural consequences flowing therefrom, including tearing, stretching and scarring; and have produced functional and organic disturbances sympathetic to and radiating to and about the adjacent and surrounding areas of injury.

The aforesaid injuries are accompanied by chronic and persistent

pain, tenderness, swelling, stiffness, discomfort, distress, weakness, depression,

stress, restriction of motion, anxiety, nocturnal pain, difficulty sleeping, change in sleeping patterns and irritability.

Said injuries are permanent in nature and duration, and were caused, precipitated aggravated and/or exacerbated by the occurrence herein. That to the extent the above injuries, conditions and/or diagnoses are shown to pre-date the accident, then such injuries, conditions and/or diagnoses were latent and inactive, and as a result of this accident, were activated, accelerated and exacerbated therein.

The aforesaid injuries have also resulted in limitations, diminution and/or

impairment of functions, activities, avocations and other activities which Plaintiff engaged in prior to this accident, and have substantially interfered with the Plaintiff pre-accident quality of

and enjoyment of life. In addition to all of the injuries mentioned above, the Plaintiff will also claim all injuries indicated in any medical and/or hospital records to which the Defendants have had access by way of authorization, discovery response, subpoena or otherwise, including but not limited to any injuries set forth in any report and/or records of any physician who may examine the Plaintiff on behalf of any Defendants herein.

**Permanency:**     Upon the information and belief, based on reasonable medical certainty, the above injuries, residuals and effects are permanent and progressive in nature and duration, except those which may be superficial. In addition to any permanency indicated above, said injuries may result in, precipitate, aggravate and/or exacerbate future permanent and/or temporary physical, anatomical and/or mental impairments and disabilities, including scarring and development of scar tissue; may require future corrective surgery and hospitalization, and related expenses; and may result in accompanying loss of earnings and future earning capacity. All past and future surgery has and will result in permanent scarring.

The aforementioned injuries have interfered with, and will continue to interfere with the Plaintiff ability to engage in activities social, vocational, avocational and daily routine in nature, and have affected the Plaintiff comfort and patterns of sleep. With respect to all of the foregoing injuries there ensued and altering deformity of bone structure with limitation of motion, restriction, loss of function, power and use. As a result thereof the Plaintiff has been caused and continues to be caused to suffer an impairment of strength; is obligated to favor said injured areas; is caused to suffer stiffness and loss of range of motion in said areas, and as a result the injured areas tire upon use; that the use of said areas causes aches and pains. The areas of injury are tender and sensitive and productive of pain upon pressure, palpation, sudden twist and manipulation. All injuries are subject to exacerbation and are highly susceptible to future scarring.

All of the above injuries at or near any body part/ joint may result in traumatic arthritis and/or onset of arthritis, osteoarthritis, osteoporosis and/or necrosis at an earlier age, at an accelerated rate and with greater severity than would have otherwise occurred; additionally, with advancing years, there may be naturally and medically related complications, deteriorations and exacerbations which may cause additional pain, discomfort, disability and/or loss of quality of and enjoyment of life.

Plaintiff reserves the right to introduce into evidence upon the trial of this action such additional injuries, conditions and/or complications as may develop from the foregoing injuries subsequent to the date of this bill of particulars by notifying the Defendants of the subsequent injuries within a reasonable time prior to the commencement of the trial of this action.

Plaintiff continues treatment to this day for said injuries.

The Plaintiff reserves the right to prove any and all further consequences and any and all further medical expenses up to the time of trial and thereafter for the balance of Plaintiff's life, including surgeries, hospitalizations, treatments and consequences which naturally and proximately flow from the plaintiff's injuries. Defendants are placed on actual notice that all medical care and treatment is associated with costs.

8.     JOSEPH N FRANCE GENERAL HOSPITAL
       Cayon Street, Basseterre, St. Kitts (869) 465-2551

       KINGSBROOK JEWISH MEDICAL CENTER
       585 Schenectady Avenue, Brooklyn, NY 11203

       DOSHI DIAGNOSTIC IMAGING SERVICES
       1014 Brooklyn Avenue, Brooklyn, NY 11203

Plaintiff objects to defendant's request for the individual names of the person who took said diagnostic tests as same is outside the knowledge of Plaintiff. For the dates the tests were

taken and the results yielded see response to number **"7"** above. Authorizations to obtain copies of all diagnostic studies will be provided.

9/10. JOSEPH N FRANCE GENERAL HOSPITAL
Cayon Street, Basseterre, St. Kitts (869) 465-2551

KINGSBROOK JEWISH MEDICAL CENTER
585 Schenectady Avenue, Brooklyn, NY 11203

DEREK LEZAMA, M.D.,
5455 Kings Highway, Brooklyn, NY 11203

VICTOR SASSON, M.D.,
1660 E. 14th Street, Ste 101, Brooklyn, NY 11229

ERICO CARDOSO, M.D.,
David Minkin Plaza, at 585 Schenectady Avenue, Brooklyn, NY 11203

ROBERT S. GOLDSTEIN, M.D.,
145 E. 32nd St., 4th Floor, New York, NY 10016

MADISON AVENUE ORTHOPEDIC ASSOCIATES
145 E. 32nd St., 4th Floor, New York, NY 10016

ONE ON ONE PHYSICAL THERAPY SERVICES
2133 Ralph Avenue, Brooklyn, NY 11234-5405

11.    See response enumerated # 7 herein regarding injuries.

12/13. Plaintiff objects to this demand as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is evidentiary in nature and an improper demand. Moreover, this demand is more appropriately addressed at the time of depositions.

14.    At the time of the accident, Plaintiff was employed as a Registered Nurse with the Board of Education of City of New York, St. Christopher Ottley Group Home, and Federation of Multicultural programs. Authorizations to obtain Plaintiff's records from each employer will be provided. Plaintiff has returned to work in a diminished capacity. Plaintiff is making a claim for

lost wages. With respect to the amount of lost wages, Plaintiff objects to the request as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

15(a-d). Plaintiff has returned to work for Evelyn Douglas Home. An authorization for Plaintiff's employment records will be provided.

16. Total amounts claimed as Special Damages are as follows:

16 (a). Medicines………………………….....…To be provided if applicable;

16 (b). Physician's Services ……………………...……………...To be provided;

16 (c). Hospitalization Expenses……………………………….To be provided;

16. (d). Nurses Services …………………………To be provided if applicable;

16. (e). Other…………………………………………....……..To be provided.

Items of Special Damages are continuing.

17.     Plaintiff is insured by:

BLUE CROSS BLUE SHEILD
ID NO.: NYY81109067

18.     Plaintiff objects to this demand as overly broad and unduly burdensome. Subject to and without waiver of said objection, annexed here to as **Exhibit "3"** is a photograph of the subject air conditioner. Plaintiff reserves the right to supplement this response up to and including the time of trial.

19.     Plaintiff is not presently aware of any admissions made by defendant. Plaintiff reserves the right to amend this response up to and including the time of trial.

20. Plaintiff had communications with Defendants during her stay at the Marriot St. Kitts Resort and The Royal Beach Casino.

21(a-g) Attached hereto as **Exhibit "1"** is a copy of a statement taken from Plaintiff by defendant on the date of loss.

Attached hereto as **Exhibit "2"** is a copy of a statement taken from JUDITH GOMEZ CALDWELL dated November 25, 2013.

22(a-d) JUDITH GOMEZ CALDWELL. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s). Plaintiff is very likely to present at trial, either by live testimony or deposition applicable witnesses to this occurrence. This disclosure will allow Defendant to identify those individuals from whom it needs detailed information.

23. Plaintiff objects to this demand as it is evidentiary in nature and therefore an improper demand. Moreover, this demand is more appropriately addressed at the time of depositions. Subject to and without waiver of said objection, at the time of Plaintiff's accident, there was no sign or warning at the aforementioned location.

24. Plaintiff objects to this demand as overly broad and unduly burdensome. Subject to and without waiver of said objection, Defendants name and logo appeared on all advertisements, websites, on the premises themselves, and on documentation provided by Defendant. For some specific examples, see Plaintiff's Second Amended Complaint, including the exhibits annexed thereto. Plaintiff reserves the right to supplement this response up to and including the time of

trial.

25.    Plaintiff objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiver of said objection, Defendants name and logo appeared on all advertisements, websites, on the premises themselves, and on documentation provided by Defendant. For some specific examples, see Plaintiff's Second Amended Complaint, including the exhibits annexed thereto. Plaintiff reserves the right to supplement this response up to and including the time of trial.

26.    Plaintiff objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiver of said objection, Defendants name and logo appeared on all advertisements, websites, on the premises themselves, and on documentation provided by Defendant. For some specific examples, see Plaintiff's Second Amended Complaint, including the exhibits annexed thereto. Plaintiff reserves the right to supplement this response up to and including the time of trial.

27.    Plaintiff objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiver of said objection, the employees on the subject premises held themselves out to be authorized to act on behalf of Defendant. Moreover, Defendants name and logo appeared on all advertisements, websites, on the premises themselves, and on documentation provided by Defendant. For some specific examples, see Plaintiff's Second Amended Complaint, including the exhibits annexed thereto. Plaintiff reserves the right to supplement this response up to and including the time of trial.

28.    Plaintiff objects to this interrogatory as vague, ambiguous, overbroad, and unduly

burdensome. Subject to and without waiver of said objection, Plaintiff relied to her detriment that Defendant owned and operated the subject hotel. Among other things, Defendants name and logo appeared on all advertisements, websites, on the premises themselves, and on documentation provided by Defendant. For some specific examples, see Plaintiff's Second Amended Complaint, including the exhibits annexed thereto. Plaintiff reserves the right to supplement this response up to and including the time of trial.

29.     Plaintiff objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiver of said objection, Defendants name and logo appeared on all advertisements, websites, on the premises themselves, and on documentation provided by Defendant. For some specific examples, see Plaintiff's Second Amended Complaint, including the exhibits annexed thereto. Plaintiff reserves the right to supplement this response up to and including the time of trial.

30.     Plaintiff's daughter-in-law, Laryn Greenwood.

31.     Marriot Reward Points were used. However, plaintiff does not know the identification number associated with the points account.

32.     Plaintiff, VERONICA BROWN, did not stay at this Marriot location prior to subject accident.

33.     Unknown.

34.     VERONICA BROWN.

Dated: February 28, 2018
New York, New York

*Yours etc.,*

VERONICA BROWN

WADE CLARK MULCAHY, LLP.,
Attorney for the Defendant
MARRIOT INTERNATIONAL INC.,
180 Maiden Lane, 9th Floor
New York, NY 10038
(212) 267-1900      File No.: 170.09841.1

## CERTIFICATION

I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

Dated:     2/28/2018

_____
VERONICA BROWN, Plaintiff

*St. Kitts Marriott Resort*
# Voluntary Statement:
With the understanding that I'm not obligated to give a statement and that I might seek legal advice at any time before any statement or declaration is given.

| Full Name: Mrs. Mr. Ms. | (Please Print Name:) Veronica Brown-Mullaney | | D.O.B (mm/dd/yyyy) 4/9/57 |
|---|---|---|---|
| Address: | 463 East 56 St | | |
| City: | Brooklyn NY | | |
| Country: | USA | | |
| State/Province: | NY | | |
| ZIP: 11203 | Email: Buffie3E@verizon.net | | Date: (mm/dd/yyyy) 7/18/13 |
| Phone Number/s: | 718 629-1713 - 917 584-9432 | | |
| Work Address: (Associate Department:) | DOE 5400 Tilden Ave | Job Title: Registered Nurse | |

To the best of your ability, describe the incident. Please include all information.

I got up to walk to the bathroom
I slipped and fell in water
near the bathroom door. There
was a leaking air AC
vent in the Room

I have reviewed this statement and believe it is true and accurate to the best of my recollection.

| Signature: *Veronica* | Witness: Loss Prevention *Judith Gomez Caldwell* |
|---|---|
| Associate: Guest: witness: Other: | Report code: (office use only) 13-0057 |

If this statement continues please specify the total at the end. Copy 1 of 1

**AFFIDAVIT**

STATE OF NEW YORK )
~~Queens~~ ) ss.:
COUNTY OF ~~BRONX~~ )

**Judy Gomez Caldwell**, being duly sworn deposes and says:

1.  That on 7/17/13, I accompanied Veronica Brown to the St. Kitts & the Royal Beach Casino and we shared a room at the resort.

2.  That on 7/18/13 while Ms. Brown was walking to the bathroom, she slipped on a wet floor, which was a hard marble like floor.

3.  The floor was wet as a result of water dripping down from the air conditioner vent in the ceiling.

4.  That the front desk was called and when they arrived, the maintenance and security came to the room. The maintenance man said, "It's leaking again".

5.  That maintenance man did something to repair the leaking air conditioner, however the next day it started leaking again.

6.  That as a result of this continuous condition the resort changed our room.

7.  That it was obvious that this was a recurrent condition and that this air conditioner had been leaking prior to our arrival.

8.  As a result of her fall, Ms. Brown injured her neck, ankle, hip and leg was swollen and it was iced before she was taken to St. Kitts –Joseph N. France General Hospital.

_Judy Gomez Caldwell_
**Judy Gomez Caldwell**

Sworn to before me this
25 day of November, 2013

_____
Notary Public

**DIAWANTIE SUKHU**
Notary Public, State of New York
No. 01SU6174546
Qualified in Queens County
Commission Expires 9/24/2018



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

VERONICA BROWN

                    Plaintiff(s),

      -against-

MARRIOT INTERNATIONAL INC.,

                    Defendant(s).

----------------------------------------------------------------------X

Civil Case No.:
1:14-cv-5960/(SLT)

---

## PLAINTIFF'S RESPONSE TO
## DEMAND FOR INTERROGATORIES

---

BLOCK, O'TOOLE & MURPHY, LLP

*Attorney(s) for*

ONE PENN PLAZA
SUITE 5315
NEW YORK, NY 10119
(212) 736-5300

To                                     Service of a copy of the within is hereby admitted.