UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VERONICA BROWN

         Plaintiff,

 -against-

MARRIOT INTERNATIONAL, INC.,

         Defendants.
-----------------------------------------------------------------X

Civil Case No.:
1:14-cv-5960 (SLT)

**PLAINTIFF'S INITIAL DEMAND FOR INTERROGATORIES**

  **PLEASE TAKE NOTICE**, that the Plaintiff(s) **VERONICA BROWN**, demand(s) that the Defendant(s), **MARRIOT INTERNATIONAL, INC.,** answer the following interrogatories within thirty (30) days of the date herein, pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure, and in accordance with Rule 33.3, 46(a) and Rule 47 of the Local Civil Rules of the United States District Court of the Eastern District:

  1. State: (a) the full name and residence address of each defendant; (b) if a corporation, the exact corporate name; and (c) if a partnership, the exact partnership name and the full name and residence address of each partner.

  2. Describe the accident or occurrence in detail, setting forth the date, location, time and weather.

  3. If you intend to set up or plead or have set up or pleaded negligence or any other separate defense as to the plaintiff or if you have or intend to set up a counterclaim, cross-claim, or third-party action, (a) state the facts upon which you intend to predicate such defenses, counterclaim, cross-claim or third-party action; and (b) identify a copy of every document relating to such facts.

4. State the names and addresses of all persons who have knowledge of any relevant facts relating to the case, including, but not limited to, the housekeeper(s) that serviced Plaintiff's room in the 24 hours prior to the accident.

5. State (a) the name and address of any person who has made a statement regarding this lawsuit; (b) whether the statement was oral or in writing; (c) the date the statement was made; (d) the name and address of the person to whom the statement was made; (e) the name and address of each person present when the statement was made; and (f) the name and address of each person who has knowledge of the statement. Unless subject to a claim of privilege, which must be specified: (g) attach a copy of the statement, if it is in writing; (h) if the statement was oral, state whether a recording was made and, if so, set forth the nature of the recording and the name and address of the person who has custody of it; and (i) if the statement was oral and no recording was made, provide a detailed summary of its contents.

6. If you claim that the plaintiff made any statements or admissions as to the subject matter of this lawsuit, state: (a) the date made; (b) the name of the person by whom made; (c) the name and address of the person to whom made; (d) where made; (e) the name and address of each person present at the time the admission was made; (f) the contents of the admission; and (g) if in writing, attach a copy.

7. If you contend that the plaintiff's damages were caused or contributed to by the negligence of any other person, set forth the name and address of the other person and the facts upon which you will rely in establishing that negligence.

8. State the names and addresses of all eye witnesses to the accident or occurrence, their relationship to you and their interest in this lawsuit.

9. If any photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the complaint, describe: (a) the number of each; (b) what each shows or contains; (c) the date taken or made; (d) the names and addresses of the persons who made them; (e) in whose possession they are at present and (f) if in your possession, attach a copy, or if not subject to convenient copying, state the location where inspection and copying may take place.

10. State the names and addresses of any and all proposed expert witnesses. Set forth in detail the qualifications of each expert named and attach a copy of each expert's current resume. Also attach true copies of all written reports provided to you by any such proposed expert witnesses. With respect to all expert witnesses, including treating physicians, who are expected to testify at trial, and with respect to any person who has conducted an examination, state each such witness's name, address and area of expertise and attach a true copy of all written reports provided to you. State the subject matter on which your experts are expected to testify. State the substance of the facts and opinions to which your experts are expected to testify and provide a summary of the factual grounds for each opinion.

11. If you contend or intend to contend at the time of trial that the plaintiff sustained personal injuries in any prior or subsequent accident, state: (a) the date of said accident; (b) the injuries you contend that plaintiff sustained; (c) the parties involved in said accident; (d) the source from which you obtained the information; and (e) attach a copy of any written documents regarding this information.

12. If you intend to rely on any statute, rule, regulation or ordinance, state the exact title and section.

13. State whether there are any insurance agreements including excess policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If the answer is "yes", attach a copy of each insurance agreement or policy, or in the alternative state: (a) number; (b) name and address of insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; (g) medical payment limits; (h) name and address of person who has custody and possession thereof; and (i) where and when each policy or agreement can be inspected and copied.

14. Identify all documents that may relate to this action, and attach copies of each such document.

15. State whether you have ever been convicted of a crime. If the answer is "yes", state: (a) date; (b) place; and (c) nature.

16. If the accident or occurrence took place on or about any particular premises, area or location, or involved the use or presence of any object, thing, vehicle, equipment or property, state the name and address of the owner thereof.

17. If anyone other than the owner had any interest, custody, or possession or was in charge of such premises, area, location, object, thing, vehicle, equipment or property, state: (a) the name and address of such person, firm or corporation; and (b) the nature and extent of such interest, custody, possession or charge.

18. If you were not present at the time of the accident or occurrence, state: (a) whether you had notice or knowledge thereof; (b) when, where, in what manner and from whom such notice or

knowledge was received or acquired; and (c) whether there was any person(s) acting on your behalf present on the premises at the time of plaintiff's injury and, if so, include their name(s) and address(es).

19. If prior to the accident or occurrence, you had actual notice or knowledge of the conditions, artificial or natural, alleged by the plaintiff to have caused or resulted in the accident or occurrence, state: (a) on what date you had such actual notice or first acquired such knowledge; and (b) the manner in which such notice or knowledge was received or acquired.

20. If the complaint or any answers to interrogatories by plaintiff allege that artificial conditions caused or resulted in the accident or occurrence or was causally related thereto, state when and by whom such artificial conditions were created.

21. If you had notice of or were in any manner made aware of any such artificial conditions, state when and what steps you took to eliminate them or make them safe or give any notice of their existence.

22. Do you, or does any person acting on your behalf, have any reports concerning the occurrence of plaintiff's injury? If the answer is "yes", state: (a) the full name, present or last known address and telephone number of the person making it; (b) the date made; (c) the purpose of each report, including, but not limited to, investigatory or accident report; (d) the field of expertise and relationship to you of the person making it; (e) whether or not it was made in the regular course of business; (f) the findings; (g) whether it was written or oral; and (h) if written, attach a copy hereto, and if oral, set forth the substance thereof.

23. State whether any repairs were made to the premises or property after plaintiff's injury. If the answer is "yes", state: (a) the full name and present or last known address of each person

who endeavored to correct the condition; (b) indicate the nature of the work performed; and (c) describe in detail the exact nature and location of the condition as it was found to exist prior to any work performed.

24. Do you claim that plaintiff was not lawfully on said premises at the time of the occurrence of the injury? If the answer is "yes", state: (a) what you claim to be the legal status of plaintiff at said time; and (b) the factual basis of your claim.

Dated:  February 28, 2018
       New York, New York

*Yours etc.*,

_____
DAVID L. SCHER, ESQ.,
BLOCK O'TOOLE & MURPHY, LLP.,
Attorney for the Plaintiff-
VERONICA BROWN
One Penn Plaza, Suite 5315
New York, NY 10119
(212) 736-5300
Our File No.: 4295

WADE CLARK MULCAHY, LLP.,
Attorney for the Defendant
MARRIOT INTERNATIONAL INC.,
180 Maiden Lane, 9th Floor
New York, NY 10038
(212) 267-1900
File No.: 170.09841.1

BLOCK, O'TOOLE & MURPHY, LLP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
VERONICA BROWN

                        Plaintiff(s),     Civil Case No.:
                                                      1:14-cv-5960/(SLT)

          -against-

MARRIOT INTERNATIONAL INC.,

                        Defendant(s).
-----------------------------------------------------------------------X

## PLAINTIFF'S INITIAL DEMANDS FOR INTERROGATORIES

BLOCK, O'TOOLE & MURPHY, LLP

*Attorney(s) for*

ONE PENN PLAZA
SUITE 5315
NEW YORK, NY 10119
(212) 736-5300

To                                           Service of a copy of the within is hereby admitted.