**BoM BLOCK O'TOOLE & MURPHY, LLP**
ATTORNEYS AT LAW

One Penn Plaza, Suite 5315
New York, NY 10119
Tel: (212) 736-5300  Fax: (212) 971-9840
www.blockotoole.com

**New Jersey Office**
116 Village Blvd
Suite 200
Princeton NJ 08540

**Partners**
Jeffrey A. Block
Daniel P. O'Toole
Stephen J. Murphy
S. Joseph Donahue
David L. Scher
Scott Occhiogrosso

**Associates**
Michael J. Hurwitz
Thomas Brennan
Christina Mark
Romina Tominovic
Daniel Seiden

**Senior Counsel**
Frederick C. Aranki

**Of Counsel**
George A. Freitag
Javier A. Solano
Ravi Sattiraju
Edward V. Sapone

August 27, 2018

**VIA ECF**
District Judge Nina Gershon
Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Brown v. St. Kitts Marriott Resort and the Royal Beach Casino, et. al.
Case 1:14-cv-05960

Dear Judge Gershon and Judge Mann:

Please accept this as Plaintiff's response to Defendant Marriott International Inc. ("MII's") pre-motion letter, as directed by the Court. Plaintiff has good faith grounds on which to oppose Defendant's proposed summary judgment motion and believes such a motion should and would be denied. It was not without serious deliberation and analysis that Judge Townes denied MII's 12(b)(6) motion to dismiss in this case specifically with regard to Plaintiff's "apparent authority" claim. Now that discovery is complete, we submit that the evidentiary support for Plaintiff's apparent authority claim is vastly stronger. Apparent authority is a longstanding doctrine which depends upon establishing that the principal was responsible for the appearance of authority in the agent to conduct the transaction in question and the third party reasonably relied on the representations of the agent. Herbert Constr. Co., 931 F.2d at 993 (2d Cir. 1991).

Respectfully, this case presents a textbook apparent authority fact pattern. Plaintiff elected to stay at the subject St. Kitts Marriott Hotel/Resort because of her history staying at various Marriotts and her comfort in the quality of Marriott hotels, including with respect to safety and cleanliness. Defendant's letter inaccurately summarizes Plaintiff's deposition testimony about why she chose to stay at the St. Kitts Marriott, as being related only to a 'friends and family discount'. In fact, Plaintiff gave the following deposition testimony about why she chose the subject hotel: she visited the hotel's website and "when you're going to the islands you want to stay at

**BLOCK O'TOOLE & MURPHY, LLP**
ATTORNEYS AT LAW

One Penn Plaza, Suite 5315
New York, NY 10119
Tel: (212) 736-5300  Fax: (212) 971-9840

*Page -2- of -3-*

some place safe… I stay in the Marriott hotels all the time. I really like the service. And because, as I said, going to the islands I want to stay in a reputable hotel… All I remember I wanted the Marriott… I just looked at a nice Marriott hotel".

We learned through discovery that MII itself actually owns a small percentage of "Marriott" hotels around the world – the remainder are governed by licensing and management agreements with MII and its subsidiary companies. But Sonia Cunliffe, the MII corporate representative produced for deposition in this case, admitted that a customer such as Plaintiff Brown would not know whether a given Marriott hotel was owned by Marriott versus licensed/managed by Marriott. To the consumer, they all look exactly the same; they are simply "Marriotts".

Defendant's assertion that MII had no responsibility for the management of the hotel is somewhat specious and at the least requires further explanation. This St. Kitts Marriott hotel was not formed with some one-time, arms-length licensing deal. Rather, MII formed a subsidiary company – 'Marriott St. Kitts Management Company' – to be the exclusive manager to supervise, direct and control the **management and operation** of the subject St. Kitts hotel. According to Ms. Cunliffe, this MII subsidiary management company assists in holding the hotel up to Marriott standards. Ms. Cunliffe testified that the Marriott name "attracts customers" because of "Marriott's reputation for safety and cleanliness, especially abroad". She further admitted that, "Marriott expects that a customer staying at the Marriott St. Kitts can rely on receiving the Marriott standard". The written agreements also stipulate that Marriott shall provide training programs, and Ms. Cunlifee testified this could involve training hotel employees.

It has also been established through discovery that the only way to book a room at the subject St. Kitts Marriott hotel is through Marriott's own booking system and that the "Marriott" name appears everywhere in relation to this hotel – on signage, bills, stationary, etc. The Marriott website lists all of its hotels, and nowhere distinguishes those it technically owns from those which it does not. Further, the Marriott website uses the possessive pronoun to identify "*Our* St. Kitts Hotel" – conveying the clear appearance of ownership and control. Ms. Cunliffe made clear during her deposition that Marriott corporate (i.e., MII) insists on hotels, such as in St. Kitts adhering to certain quality standards or else a hotel will be taken out of the Marriott system.

While MII's pre-motion letter cited a 2006 decision from the 7th Circuit in which it had been a defendant (one that only considered Illinois and Bahamian law), MII failed to cite a subsequent S.D.N.Y. decision from 2008 in which it was also a defendant – Toppel v. Marriott International, Inc., 2008 WL 2854302. In that case, this same Defendant was denied summary judgment on an apparent authority claim stemming from a slip and fall accident that occurred at a "Marriott" hotel in the Bahamas; a hotel governed by a franchise agreement that appears to be extremely similar to the one at issue in this case. The Court found that triable issues existed not only



**BLOCK O'TOOLE & MURPHY, LLP**
ATTORNEYS AT LAW

One Penn Plaza, Suite 5315
New York, NY 10119
Tel: (212) 736-5300  Fax: (212) 971-9840

*Page -3- of -3-*

as to the extent of MII's control and right of control over the general operations of the hotel, but also whether the hotel acted with Marriott's apparent authority. Hart v. MII, 304 A.D.2d 1057 (3rd Dept. 2003), is another case involving this same Defendant and is also instructive. There, the Court made clear that the apparent authority claim failed only because the plaintiff had failed to even allege that she had relied upon MII's name, skill or reputation in choosing to attend a function at the Marriott hotel at issue in that case. See id. at FN 1. The opposite is true in this case.

It must be stressed that MII's control over the subject hotel is *not* necessary to Plaintiff's apparent authority claim; the "appearance" of control is sufficient. Here, it is evident that MII had both real *and* perceived control of the subject hotel. The Toppel Court's denial of MII's summary judgment motion was based simply upon Plaintiff's submission of hotel receipts, letterhead and check-in cards that all displayed the "Marriott" trademark and evidence that MII required certain Marriott branding and participation in Marriott promotions. All of those things are true in the case at bar as well. A jury in this case could thus reasonably find, certainly viewing the evidence in a light most favorable to Plaintiff, that MII created an appearance that this St. Kitts hotel was Marriott-owned, operated and controlled; things that Plaintiff Brown reasonably believed and which actually caused her to stay at the hotel in St. Kitts. The inattentiveness and carelessness of the hotel's staff in responding to a recurring leak from a ceiling air conditioning unit, which Plaintiff complained of prior to her accident, caused Plaintiff to slip, fall and suffer severe cervical spine injuries – injuries for which MII should be responsible.

MII did all it could to portray this St. Kitts hotel to the public and to Ms. Brown as one that MII owned and controlled in order to attract business and increase profits. MII's own witness admitted this was MII's goal and that there was no way for the public to know which hotels were Marriott-owned versus subject to franchise/license/management agreements. The very first time MII conveyed in any way to Ms. Brown that they had no responsibility for the operation of this hotel was after she sued them. We submit respectfully that this sort of practice is precisely why apparent authority exists in the law and it should be applied herein to impose liability upon MII.

We thank the Court for its time and attention to this matter.

Respectfully submitted,<br><br>*[signature]*<br><br>DAVID L. SCHER

DLS/sps